17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEST; MARGARET WEST; REGINA M. BENNETT; WILLIE THORNTON; LENICKI MOORE; and SHAWNDA BELL, | : : : : : | |
| Plaintiffs, | : : | |
| -vs- | : : | Case No. 2:18-cv-1061-MHT-SRW |
| BUTLER COUNTY BOARD OF EDUCATION, et al., | : : | |
| Defendants. | : | |

## ANSWER

COME NOW Defendants Butler County Board of Education ("BCBOE"), Linda Hamilton ("Hamilton"), Mickey Jones ("Jones"), Michael Nimmer ("Nimmer"), Lois Robinson ("Robinson"), and Brandon Sellers (("Sellers") (hereinafter "these Defendants")), and provide their Answer to the Plaintiffs' Complaint ("Complaint") as follows:

### I. NATURE OF THE CASE

1.     With regard to the allegations as contained in paragraph 1 of Plaintiffs' *Complaint*, it is admitted that Plaintiff filed their *Complaint* pursuant Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. It is denied that these Defendants committed any act or omission giving rise to Plaintiffs' claims.

## II. JURISDICTION

2.      With regard to the allegations as contained in paragraph 2 of Plaintiffs' *Complaint*, it is admitted that Plaintiff filed their *Complaint* pursuant 42 U.S.C. §§ 1331 and 1343 and 42U.S.C. §2000e, *et seq*. It is denied that these Defendants committed any act or omission giving rise to Plaintiffs' claims, but it is admitted that this Honorable Court has jurisdiction over the claims set forth in Plaintiffs' *Complaint*.

## III. VENUE

3.      With regard to the allegations as contained in paragraph 3 of Plaintiffs' *Complaint*, it is admitted that Plaintiff filed their *Complaint* pursuant 42U.S.C. §2000e-5(t)(3). It is denied that these Defendants committed any act or omission giving rise to Plaintiffs' claims, but it is admitted that this Honorable Court has jurisdiction and venue over the claims set forth in Plaintiffs' *Complaint*.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      These Defendants deny the allegations as contained in paragraph 4 of the Plaintiffs' Complaint.

5.      These Defendants deny the allegations as contained in paragraph 5 of the Plaintiffs' Complaint.

## V. PARTIES

6.      These Defendants admit the allegations as contained in paragraph 6 of the Plaintiffs' Complaint.

7.     These Defendants admit the allegations as contained in paragraph 7 of the Plaintiffs' Complaint.

8.     These Defendants admit the allegations as contained in paragraph 8 of the Plaintiffs' Complaint.

9.     These Defendants admit the allegations as contained in paragraph 9 of the Plaintiffs' Complaint.

10.    These Defendants admit the allegations as contained in paragraph 10 of the Plaintiffs' Complaint.

11.    These Defendants admit the allegations as contained in paragraph 11 of the Plaintiffs' Complaint.

12.    These Defendants admit/deny the allegations as contained in paragraph 12 of the Plaintiffs' Complaint.

13.    With regard to the allegations as contained in paragraph 13 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

14.    With regard to the allegations as contained in paragraph 14 of Plaintiffs' Complaint, it is denied that Plaintiffs are entitled to any relief sought and that Defendant Hamilton took any action or inaction which caused or contributed to cause a violation of Plaintiffs' constitutional rights. The remaining allegations of paragraph 14 are admitted.

15.     With regard to the allegations as contained in paragraph 15 of Plaintiffs' Complaint, it is denied that Plaintiffs are entitled to any relief sought and that Defendant Jones took any action or inaction which caused or contributed to cause a violation of Plaintiffs' constitutional rights. The remaining allegations of paragraph 15 are admitted.

16.     With regard to the allegations as contained in paragraph 16 of Plaintiffs' Complaint, it is denied that Plaintiffs are entitled to any relief sought and that Defendant Nimmer took any action or inaction which caused or contributed to cause a violation of Plaintiffs' constitutional rights. The remaining allegations of paragraph 16 are admitted.

17.     With regard to the allegations as contained in paragraph 17 of Plaintiffs' Complaint, it is denied that Plaintiffs are entitled to any relief sought and that Defendant Robinson took any action or inaction which caused or contributed to cause a violation of Plaintiffs' constitutional rights. The remaining allegations of paragraph 17 are admitted.

18.     With regard to the allegations as contained in paragraph 18 of Plaintiffs' Complaint, it is denied that Plaintiffs are entitled to any relief sought and that Defendant Sellers took any action or inaction which caused or contributed to cause a violation of Plaintiffs' constitutional rights. The remaining allegations of paragraph 18 are admitted.

19.     With regard to the allegations as contained in paragraph 19, no response is required of these Defendants. However to the extent a response is required, these Defendants deny same.

## VI. FACTUAL ALLEGATIONS

20.     These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 19 of Plaintiffs' Complaint.

21.     These Defendants admit the allegations as contained in paragraph 21 of the Plaintiffs' Complaint.

22.     These Defendants admit the allegations as contained in paragraph 22 of the Plaintiffs' Complaint.

23.     These Defendants admit the allegations as contained in paragraph 23 of the Plaintiffs' Complaint.

24.     These Defendants admit the allegations as contained in paragraph 24 of the Plaintiffs' Complaint.

25.     These Defendants admit the allegations as contained in paragraph 25 of the Plaintiffs' Complaint.

26.     With regard to the allegations as contained in paragraph 26 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

27.     With regard to the allegations as contained in paragraph 27 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

28.     These Defendants deny the allegations as contained in paragraph 28 of the Plaintiffs' Complaint.

29.     These Defendants deny the allegations as contained in paragraph 29 of the Plaintiffs' Complaint.

30.     These Defendants deny the allegations as contained in paragraph 30 of the Plaintiffs' Complaint.

31.     These Defendants deny the allegations as contained in paragraph 31 of the Plaintiffs' Complaint.

32.     These Defendants deny the allegations as contained in paragraph 32 of the Plaintiffs' Complaint.

33.     These Defendants deny the allegations as contained in paragraph 33 of the Plaintiffs' Complaint.

**PLAINTIFF, JOSEPH WEST**

34.     These Defendants admit the allegations as contained in paragraph 34 of the Plaintiffs' Complaint.

35.     These Defendants admit the allegations as contained in paragraph 35 of the Plaintiffs' Complaint.

36.     These Defendants admit the allegations as contained in paragraph 36 of the Plaintiffs' Complaint.

37.     These Defendants admit the allegations as contained in paragraph 37 of the Plaintiffs' Complaint.

38.     With regard to the allegations as contained in paragraph 38 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

39.     These Defendants deny the allegations as contained in paragraph 39 of the Plaintiffs' Complaint.

40.     These Defendants deny the allegations as contained in paragraph 40 of the Plaintiffs' Complaint.

41.     With regard to the allegations as contained in paragraph 41, these Defendants admit there were some discussions regarding a buyout. However, the remaining allegations as contained in paragraph 41 are denied.

42.     With regard to the allegations as contained in paragraph 42, these Defendants admit there were some discussions regarding a buyout. However, the remaining allegations as contained in paragraph 42 are denied.

43.     With regard to the allegations as contained in paragraph 43, on information and belief, Plaintiff Joseph West was offered a voluntary transfer which he denied.

44.     With regard to the allegations as contained in paragraph 44 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

45.     With regard to the allegations as contained in paragraph 45 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

46.     With regard to the allegations as contained in paragraph 46 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

47.     With regard to the allegations as contained in paragraph 47 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

48.     These Defendants deny the allegations as contained in paragraph 48 of the Plaintiffs' Complaint.

49.     These Defendants deny the allegations as contained in paragraph 49 of the Plaintiffs' Complaint.

50.     With regard to the allegations as contained in paragraph 50 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

51.     These Defendants deny the allegations as contained in paragraph 51 of the Plaintiffs' Complaint.

52.     These Defendants deny the allegations as contained in paragraph 52 of the Plaintiffs' Complaint.

53.     These Defendants deny the allegations as contained in paragraph 53 of the Plaintiffs' Complaint.

54.     These Defendants admit the allegations as contained in paragraph 54 of the Plaintiffs' Complaint.

55.     These Defendants admit the allegations as contained in paragraph 55 of the Plaintiffs' Complaint.

56.     These Defendants deny the allegations as contained in paragraph 56 of the Plaintiffs' Complaint.

## PLAINTIFF, MARGARET WEST

57.     These Defendants admit the allegations as contained in paragraph 57 of the Plaintiffs' Complaint.

58.     These Defendants admit the allegations as contained in paragraph 58 of the Plaintiffs' Complaint.

59.     These Defendants admit the allegations as contained in paragraph 59 of the Plaintiffs' Complaint.

60.     With regard to the allegations as contained in paragraph 60 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

61.     These Defendants admit the allegations as contained in paragraph 61 of the Plaintiffs' Complaint.

62.     These Defendants do not have sufficient information to know if the recommended transfer was involuntary, and said allegation is denied. The remaining allegation as contained in paragraph 62 is admitted.

63.     These Defendants deny the allegations as contained in paragraph 63 of the Plaintiffs' Complaint.

64.     These Defendants deny the allegations as contained in paragraph 64 of the Plaintiffs' Complaint.

65.     These Defendants deny the allegations as contained in paragraph 65 of the Plaintiffs' Complaint.

66.     These Defendants deny the allegations as contained in paragraph 66 of the Plaintiffs' Complaint.

67.     With regard to the allegations as contained in paragraph 67, these Defendants deny Plaintiff Margaret West voiced her objection to the voluntary transfer. However, the remaining allegations as contained in paragraph 67 are admitted.

68.     With regard to the allegations as contained in paragraph 68, these Defendants deny Plaintiff Margaret West was not qualified to perform Career Tech Counselor duties and that Shawnda Bell is a much younger employee. The remaining allegations as contained in paragraph 68 are admitted.

69.     With regard to the allegations as contained in paragraph 69, these Defendants admit Plaintiff Margaret West retired on or about August 1, 2018. The remaining allegations as contained in paragraph 69 are denied.

70.     With regard to the allegations as contained in paragraph 70, these Defendants deny the allegations as drafted. Brianna Hunter was hired after the position was offered to Shawnda Bell, who declined to accept the position.

71.     These Defendants deny the allegations as contained in paragraph 71 of the Plaintiffs' Complaint.

72.     These Defendants deny the allegations as contained in paragraph 72 of the Plaintiffs' Complaint.

73.     These Defendants deny the allegations as contained in paragraph 73 of the Plaintiffs' Complaint.

74.     These Defendants admit the allegations as contained in paragraph 74 of the Plaintiffs' Complaint.

75.     These Defendants admit the allegations as contained in paragraph 75 of the Plaintiffs' Complaint.

76.     These Defendants deny the allegations as contained in paragraph 76 of the Plaintiffs' Complaint.

**PLAINTIFF, WILLIE THORNTON**

77.     These Defendants admit the allegations as contained in paragraph 77 of the Plaintiffs' Complaint.

78.     These Defendants admit the allegations as contained in paragraph 78 of the Plaintiffs' Complaint.

79.     These Defendants admit the allegations as contained in paragraph 79 of the Plaintiffs' Complaint.

80.     With regard to the allegations as contained in paragraph 80 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

81.     With regard to the allegations as contained in paragraph 81 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

82.     These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 82 of Plaintiffs' Complaint, and therefore deny the same.

83.     With regard to the allegations as contained in paragraph 83 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

84.     These Defendants admit the allegations as contained in paragraph 84 of the Plaintiffs' Complaint.

85.     These Defendants deny the allegations as contained in paragraph 85 of the Plaintiffs' Complaint.

86.     These Defendants deny the allegations as contained in paragraph 86 of the Plaintiffs' Complaint.

87.     These Defendants admit the allegations as contained in paragraph 87 of the Plaintiffs' Complaint.

88.     These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 88 of Plaintiffs' Complaint, and therefore deny the same.

89.     These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 89 of Plaintiffs' Complaint, and therefore deny the same.

90.     These Defendants deny the allegations as contained in paragraph 90 of the Plaintiffs' Complaint.

## PLAINTIFF, LENICKI MOORE

91.     These Defendants admit the allegations as contained in paragraph 91 of the Plaintiffs' Complaint.

92.     These Defendants admit the allegations as contained in paragraph 92 of the Plaintiffs' Complaint.

93.     These Defendants admit the allegations as contained in paragraph 93 of the Plaintiffs' Complaint.

94.     These Defendants admit the allegations as contained in paragraph 94 of the Plaintiffs' Complaint.

95.     These Defendants admit the allegations as contained in paragraph 95 of the Plaintiffs' Complaint.

96.     These Defendants admit the allegations as contained in paragraph 96 of the Plaintiffs' Complaint.

97.     With regard to the allegations as contained in paragraph 97, these Defendants admit the board of education denied Plaintiff Lenicki Moore's appeal. The remaining allegations as contained in paragraph 97 are denied.

98.     These Defendants deny the allegations as contained in paragraph 98 of the Plaintiffs' Complaint.

99.     These Defendants deny the allegations as contained in paragraph 99 of the Plaintiffs' Complaint.

100.    These Defendants deny the allegations as contained in paragraph 100 of the Plaintiffs' Complaint.

101.    These Defendants deny the allegations as contained in paragraph 101 of the Plaintiffs' Complaint.

102.    These Defendants deny the allegations as contained in paragraph 102 of the Plaintiffs' Complaint.

103.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 103 of Plaintiffs' Complaint, and therefore deny the same.

104.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 104 of Plaintiffs' Complaint, and therefore deny the same.

105.   These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 105 of Plaintiffs' Complaint, and therefore deny the same.

106.   These Defendants deny the allegations as contained in paragraph 106 of the Plaintiffs' Complaint.

## PLAINTIFF, SHAWNDA BELL

107.   These Defendants admit the allegations as contained in paragraph 107 of the Plaintiffs' Complaint.

108.   These Defendants admit the allegations as contained in paragraph 108 of the Plaintiffs' Complaint.

109.   These Defendants admit the allegations as contained in paragraph 109 of the Plaintiffs' Complaint.

110.   With regard to the allegations as contained in paragraph 110 of Plaintiffs' Complaint, on information and belief, these Defendants admit Plaintiff Shawnda Bell performed her job in a satisfactory manner. However, these Defendants do not have sufficient information to admit or deny the remaining allegations as contained in paragraph 110 of Plaintiffs' Complaint, and therefore deny the same.

111.   These Defendants deny the allegations as contained in paragraph 111 of the Plaintiffs' Complaint.

112.   With regard to the allegations as contained in paragraph 112 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

113.   These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 113 of Plaintiffs' Complaint, and therefore deny the same.

114.   These Defendants deny the allegations as contained in paragraph 114 of the Plaintiffs' Complaint.

115.   These Defendants admit the allegations as contained in paragraph 115 of the Plaintiffs' Complaint.

116.   These Defendants admit the allegations as contained in paragraph 116 of the Plaintiffs' Complaint.

117.   These Defendants deny the allegations as contained in paragraph 117 of the Plaintiffs' Complaint.

118.   These Defendants deny the allegations as contained in paragraph 118 of the Plaintiffs' Complaint.

119.   These Defendants deny the allegations as contained in paragraph 119 of the Plaintiffs' Complaint.

120.   These Defendants admit the allegations as contained in paragraph 120 of the Plaintiffs' Complaint.

121.    These Defendants admit the allegations as contained in paragraph 121 of the Plaintiffs' Complaint.

122.    These Defendants deny the allegations as contained in paragraph 122 of the Plaintiffs' Complaint.

## PLAINTIFF, REGINA BENNETT

123.    These Defendants admit the allegations as contained in paragraph 123 of the Plaintiffs' Complaint.

124.    These Defendants admit the allegations as contained in paragraph 124 of the Plaintiffs' Complaint.

125.    These Defendants admit the allegations as contained in paragraph 125 of the Plaintiffs' Complaint.

126.    These Defendants admit the allegations as contained in paragraph 126 of the Plaintiffs' Complaint.

127.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 127 of Plaintiffs' Complaint, and therefore deny the same.

128.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 128 of Plaintiffs' Complaint, and therefore deny the same.

129.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 129 of Plaintiffs' Complaint, and therefore deny the same.

130.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 130 of Plaintiffs' Complaint, and therefore deny the same.

131.    These Defendants do not have sufficient information to admit or deny the allegations as contained in paragraph 131 of Plaintiffs' Complaint, and therefore deny the same.

132.    With regard to the allegations as contained in paragraph 132 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

133.    With regard to the allegations as contained in paragraph 133 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

134.    With regard to the allegations as contained in paragraph 134 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

135.    With regard to the allegations as contained in paragraph 135 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

136.    With regard to the allegations as contained in paragraph 136 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

137.    These Defendants deny the allegations as contained in paragraph 137 of the Plaintiffs' Complaint.

138.    These Defendants deny the allegations as contained in paragraph 138 of the Plaintiffs' Complaint.

139.    With regard to the allegations as contained in paragraph 139 of Plaintiffs' Complaint, these allegations are not directed to these Defendants and do not require a response. To the extent a response is required, these Defendants deny said allegations.

140.    These Defendants deny the allegations as contained in paragraph 140 of the Plaintiffs' Complaint.

141.    These Defendants deny the allegations as contained in paragraph 141 of the Plaintiffs' Complaint.

142.    These Defendants admit the allegations as contained in paragraph 142 of the Plaintiffs' Complaint.

143.    These Defendants admit the allegations as contained in paragraph 143 of the Plaintiffs' Complaint.

## VII. CAUSES OF ACTION
## COUNT I

### (Race Discrimination by Adverse Employment Action Against Joseph West
### in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

144.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 143 of Plaintiffs' Complaint.

145.    The allegations in paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

146.    These Defendants admit the allegations as contained in paragraph 146 of the Plaintiffs' Complaint.

147.    These Defendants deny the allegations as contained in paragraph 147 of the Plaintiffs' Complaint.

148.    These Defendants deny the allegations as contained in paragraph 148 of the Plaintiffs' Complaint.

149.    These Defendants deny the allegations as contained in paragraph 149 of the Plaintiffs' Complaint.

150.    These Defendants deny the allegations as contained in paragraph 150 of the Plaintiffs' Complaint.

151.    These Defendants deny the allegations as contained in paragraph 151 of the Plaintiffs' Complaint.

## COUNT II

## (Race Discrimination by Adverse Employment Action Against Margaret West in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

152.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 151 of Plaintiffs' Complaint.

153.    The allegations in paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

154.    These Defendants admit the allegations as contained in paragraph 154 of the Plaintiffs' Complaint.

155.    These Defendants deny the allegations as contained in paragraph 155 of the Plaintiffs' Complaint.

156.    These Defendants deny the allegations as contained in paragraph 156 of the Plaintiffs' Complaint.

157.    These Defendants deny the allegations as contained in paragraph 157 of the Plaintiffs' Complaint.

158.    These Defendants deny the allegations as contained in paragraph 158 of the Plaintiffs' Complaint.

159.    These Defendants deny the allegations as contained in paragraph 159 of the Plaintiffs' Complaint.

## COUNT III

## (Race Discrimination by Adverse Employment Action Against Shawnda Bell in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

160.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 159 of Plaintiffs' Complaint.

161.    The allegations in paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

162.    These Defendants admit the allegations as contained in paragraph 162 of the Plaintiffs' Complaint.

163.    These Defendants deny the allegations as contained in paragraph 163 of the Plaintiffs' Complaint.

164.    These Defendants deny the allegations as contained in paragraph 164 of the Plaintiffs' Complaint.

165.   These Defendants deny the allegations as contained in paragraph 165 of the Plaintiffs' Complaint.

166.   These Defendants deny the allegations as contained in paragraph 166 of the Plaintiffs' Complaint.

167.   These Defendants deny the allegations as contained in paragraph 167 of the Plaintiffs' Complaint.

## COUNT IV

## (Race Discrimination by Adverse Employment Action Against Regina Bennett in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

168.   These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 167 of Plaintiffs' Complaint.

169.   The allegations in paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

170.   These Defendants admit the allegations as contained in paragraph 170 of the Plaintiffs' Complaint.

171.   These Defendants deny the allegations as contained in paragraph 171 of the Plaintiffs' Complaint.

172.   These Defendants deny the allegations as contained in paragraph 172 of the Plaintiffs' Complaint.

173.   These Defendants deny the allegations as contained in paragraph 173 of the Plaintiffs' Complaint.

174.   These Defendants deny the allegations as contained in paragraph 174 of the Plaintiffs' Complaint.

175.   These Defendants deny the allegations as contained in paragraph 175 of the Plaintiffs' Complaint.

## COUNT V

### (Adverse Employment Action Against Regina Bennett Based on Retaliation)

176.   These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 175 of Plaintiffs' Complaint.

177.   The allegations in paragraph 177 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. Title VII, *Gupta v. Fla. Bd. of Regents*, and *Satchel v. School Bd. of Hillsborough County*, cited therein speak for themselves. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

178.   These Defendants deny the allegations as contained in paragraph 178 of the Plaintiffs' Complaint.

179.    These Defendants deny the allegations as contained in paragraph 179 of the Plaintiffs' Complaint.

180.    These Defendants deny the allegations as contained in paragraph 180 of the Plaintiffs' Complaint.

181.    These Defendants deny the allegations as contained in paragraph 181 of the Plaintiffs' Complaint.

## COUNT VI

### (Hostile Work Environment as to Regina Bennett)

182.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 181 of Plaintiffs' Complaint.

183.    The allegations in paragraph 177 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. Title VII and *Miller v. Kenworth of Dothan, Inc.*, cited therein speak for themselves. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

184.    These Defendants deny the allegations as contained in paragraph 184 of the Plaintiffs' Complaint.

185.    These Defendants deny the allegations as contained in paragraph 185 of the Plaintiffs' Complaint.

## COUNT VII

### (Race Discrimination in Violation of 42 U.S.C. §§ 1981 and 1983 and Title VII)

186.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 185 of Plaintiffs' Complaint.

187.    These Defendants deny the allegations as contained in paragraph 187 of the Plaintiffs' Complaint.

188.    The allegations in paragraph 188 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. The Due Process Clause of the Fourteenth Amendment cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

189.    The allegations in paragraph 189 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. The Due Process Clause and *Cleveland Board of Education v. Loudermill* cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

190.    The allegations in paragraph 190 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. *Cleveland Board of Education v. Loudermill* cited therein speaks for itself. To the extent a response is required, these

Defendants deny that they engaged in any conduct which any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

191.    The allegations in paragraph 191 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. *Cleveland Board of Education v. Loudermill* cited therein speaks for itself. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

192.    These Defendants deny the allegations as contained in paragraph 192 of the Plaintiffs' Complaint.

193.    These Defendants deny the allegations as contained in paragraph 193 of the Plaintiffs' Complaint.

194.    These Defendants deny the allegations as contained in paragraph 194 of the Plaintiffs' Complaint.

195.    These Defendants deny the allegations as contained in paragraph 195 of the Plaintiffs' Complaint.

196.    These Defendants deny the allegations as contained in paragraph 196 of the Plaintiffs' Complaint.

197.    These Defendants deny the allegations as contained in paragraph 197 of the Plaintiffs' Complaint.

198.    These Defendants deny the allegations as contained in paragraph 198 of the Plaintiffs' Complaint.

199.    These Defendants deny the allegations as contained in paragraph 199 of the Plaintiffs' Complaint.

200.    These Defendants deny the allegations as contained in paragraph 200 of the Plaintiffs' Complaint.

## COUNT VIII

## (42 U.S.C. § 1983 Violation of Fourteenth Amendment Equal Protection)

201.    These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs 1 through 200 of Plaintiffs' Complaint.

202.    The allegations in paragraph 202 of Plaintiffs' Complaint state a legal conclusion to which no response is required of these Defendants. The Equal Protection Clause of the Fourteenth Amendment and *City of Cleburne v. Cleburne Living Center* cited therein speak for themselves. To the extent a response is required, these Defendants deny that they engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

203.    These Defendants deny the allegations as contained in paragraph 203 of the Plaintiffs' Complaint.

204.    These Defendants deny the allegations as contained in paragraph 204 of the Plaintiffs' Complaint.

205.    These Defendants deny the allegations as contained in paragraph 205 of the Plaintiffs' Complaint.

206.    These Defendants deny the allegations as contained in paragraph 206 of the Plaintiffs' Complaint.

207.    These Defendants deny the allegations as contained in paragraph 207 of the Plaintiffs' Complaint.

208.    These Defendants deny the allegations as contained in paragraph 208 of the Plaintiffs' Complaint.

209.    These Defendants deny the allegations as contained in paragraph 209 of the Plaintiffs' Complaint.

210.    These Defendants deny the allegations as contained in paragraph 210 of the Plaintiffs' Complaint.

## VIII. PRAYER FOR RELIEF

These Defendants deny Plaintiffs are entitled to the relief requested in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

### 1ST DEFENSE

The Plaintiffs' Complaint fails to state a claim against these Defendants upon which relief can be granted.

### 2ND DEFENSE

These Defendants plead the general issue and deny all material allegations in the Plaintiffs' Complaint.

### 3RD DEFENSE

These Defendants are innocent of the allegations against it.

### 4TH DEFENSE

The Plaintiffs lack standing to sue for injunctive relief.

### 5TH DEFENSE

Plaintiffs did not suffer any adverse employment actions because of any alleged exercise of their constitutional rights.

### 6TH DEFENSE

These Defendants deny that any action or inaction by them caused or contributed to cause a violation of Plaintiffs' constitutional rights or the alleged injuries of which the Plaintiffs complain.

### 7TH DEFENSE

Plaintiffs have failed to mitigate their damages.

### 8TH DEFENSE

The Complaint is barred, in whole or in part, by estoppel and/or waiver.

### 9TH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs' own conduct proximately caused their alleged injuries.

### 10TH DEFENSE

The allegations in the Complaint are barred by the applicable statutes of limitations.

## 11TH DEFENSE

Plaintiffs did not suffer any adverse employment actions because of any alleged discrimination or alleged retaliation.

## 12TH DEFENSE

These Defendants at all times acted reasonably and in good faith toward the Plaintiffs.

## 13TH DEFENSE

Even if any adverse employment action by these Defendants toward Plaintiffs was motivated by some unlawful intent, which it was not, these Defendants would have made the same decisions with respect to the Plaintiffs regardless of such motivation.

## 14TH DEFENSE

These Defendants did not violate any clearly established constitutional rights of the Plaintiffs.

## 15TH DEFENSE

Plaintiffs were not deprived of any rights secured by the Constitution or laws of the United States of America.

## 16TH DEFENSE

These Defendants aver that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided under the Constitution of the United States of America.

## 17ᵀᴴ DEFENSE

These Defendant aver that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to these Defendants under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## 18ᵀᴴ DEFENSE

No decision made by these Defendants regarding Plaintiffs' employment was based on any protected conduct.

## 19ᵀᴴ DEFENSE

These Defendants plead accord and satisfaction.

## 20ᵀᴴ DEFENSE

These Defendants aver that any employment decisions made with respect to the Plaintiffs were based on legitimate business reasons which were wholly unrelated to any actions taken by the Plaintiffs in furtherance of their rights of equal protection under the Fourteenth Amendment to the United States Constitution.

## 21ˢᵀ DEFENSE

These Defendants deny that they engaged in any discriminatory or retaliatory behavior and asserts that any decision on their part with respect to the Plaintiffs' employment was based on legitimate, non- discriminatory, non-retaliatory reasons.

## 22ᴺᴰ DEFENSE

The Plaintiffs' Complaint fails to state a cause of action which gives rise to a claim of mental anguish, emotional distress, or embarrassment.

## 23ᴿᴰ DEFENSE

These Defendants did not retaliate against Plaintiffs.

## 24ᵀᴴ DEFENSE

Any allegations not specifically admitted by these Defendants are denied.

## 25ᵀᴴ DEFENSE

Pursuant to Alabama law, the Butler County Board of Education is the only entity with final policy making authority.

## 26ᵀᴴ DEFENSE

These Defendants did not violate any rights of Plaintiffs secured by the Anti-Retaliation provisions of Title VII of the Civil Rights Act of 1964.

## 27ᵀᴴ DEFENSE

Plaintiff did not plead a violation of any well-established constitutional right Defendants are alleged to have violated.

## 28ᵀᴴ DEFENSE

An excessive award of damages for emotional distress (whether so labeled or whether referred to by any similar phrase describing non-economic, compensatory damages) in this action would violate the due process and equal protection rights of the

defendant pursuant to Amendment XIV of the Constitution of the United States. Alabama's laws regarding emotional distress damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendants with sufficient notice of the amount of such damages that might be awarded in a particular case. Instructions given to jurors regarding such damages provide no meaningful limitation on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on and instructions to the jury at the trial.

## 29TH DEFENSE

These Defendants committed no act which was the proximate cause of any injuries allegedly suffered by Plaintiffs.

## 30TH DEFENSE

There is no causal connection between any action of these Defendants and any of the alleged injuries suffered by Plaintiffs.

## 31ST DEFENSE

There is no cause or connection between any allegedly unlawful conduct and any mental anguish or emotional distress suffered by Plaintiffs.

## 32ND DEFENSE

Defendant BCBOE being aware of the *Walker v. Jefferson Co. Bd. of Ed.*, 771 F.3d 748 (2014) decision, asserts its Eleventh Amendment immunity out of an abundance of caution. Defendant BCBOE is immune from this action pursuant to the Eleventh Amendment of the United States Constitution.

The *Constitution of Alabama of 1901* states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." "Section 14 specifically prohibits the State from being made a party defendant in any suit at law or in equity." *Hutchison v. Board of Trustees of Univ. of Ala.*, 256 So.2d 281, 283 (Ala. 1971). The scope of this protection was addressed by the Alabama Supreme Court as follows:

> "The wall of immunity erected by §14 is nearly impregnable."
> *Patterson v. Gladwin Corp.*, 835 So.2d 137, 142 (Ala. 200).
> Indeed, as regards the State of Alabama and its agencies, the
> wall is <u>absolutely impregnable</u>. *Ex parte Alabama Dep't of
> Human Res.*, 999 So.2d 891, 895 (Ala. 2008)("Section 14 affords
> absolute immunity to both the State and State agencies.").

*Ala. Dept. of Corrections v. Montgomery County Com'n.*, 11 So.3d 189, 191 (Ala. 2008) (emphasis added); <u>See also</u> *Lyons v. River Road Constr., Inc.*, 858 So.2d 257, 261 (Ala. 2003)("[U]nder §14, State agencies are absolutely immune from suit."). "County boards of education are not agencies of the counties, but local agencies of the state..." *Ex parte Hale County Bd. of Educ.*, 14 So.3d 844, 848 (Ala. 2009); <u>see also</u> *Ex parte Monroe County Bd. of Educ.*, 48 So.3d 621, 624 (Ala. 2010). As such, they enjoy the same "absolutely impregnable" immunity as state agencies. <u>See e.g.</u> *Louviere v. Mobile County Bd. of Educ.*, 670

So.2d 873, 877 (Ala. 1995)("[C]ounty boards of education are local agencies of the state and thus immune from suit under the constitutional bar of §14.").

## 33ᴿᴰ DEFENSE

Defendants' interest in the orderly administration of the Butler County Public Schools outweighs any alleged interest or entitlement of Plaintiffs.

## 34ᵀᴴ DEFENSE

The Plaintiffs= Complaint fails to state a claim against these Defendants upon which relief can be granted under Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. ' 2000e (ATitle VII@).

## 35ᵀᴴ DEFENSE

The Plaintiffs= Complaint fails to state a claim against these Defendants upon which relief can be granted under 42 U.S.C. ' 1983.

## 36ᵀᴴ DEFENSE

No unconstitutional action was taken pursuant to an officially promulgated policy, statement, decision, regulation or ordinance.

## 37ᵀᴴ DEFENSE

Plaintiffs= Complaint does not identify any unconstitutional action taken pursuant to an officially promulgated policy, statement, decision, regulation, ordinance or govern-mental custom.

## 38TH DEFENSE

Plaintiffs= Complaint does not identify any policy of the Butler County Board of Education which allegedly caused a constitutional violation.

## 39TH DEFENSE

There is no policy or procedure of the Butler County Board of Education which was the proximate cause of injuries alleged by Plaintiff.

## 40TH DEFENSE

No decision-maker with final policy making authority violated Plaintiffs' federally protected rights.

## 41ST DEFENSE

None of the decisions made by Defendants regarding Plaintiffs' employment were based on any protected conduct.

## 42ND DEFENSE

Defendants are entitled to various immunities including absolute immunity, discretionary function immunity and qualified immunity.

## 43RD DEFENSE

These Defendants state that the transfer of the Plaintiffs to a different position and location and any and all other alleged adverse employment decisions with regard to the Plaintiffs were based upon legitimate, non-discriminatory reasons unrelated to their race and/or alleged retaliation.

## 44ᵀᴴ DEFENSE

Plaintiffs do not have a right to be retained in, promoted to or assigned to a coveted position by these Defendants.

## 45ᵀᴴ DEFENSE

These Defendants are entitled to qualified immunity with regard to Plaintiffs= 42 U.S.C. ' 1983 claims because any action taken by Defendants was taken in good faith, pursuant to their discretionary authority and their conduct did not violate any clearly established constitutional rights about which a reasonable person would have known.

## 46ᵀᴴ DEFENSE

To the extent Plaintiffs= 42 U.S.C. ' 1983 claims are based upon some constitutional violation, Plaintiffs= *Complaint* fails to allege a specific constitutional right that has been infringed.

## 47ᵀᴴ DEFENSE

The Butler County Board of Education, as a local governmental body, cannot be found liable under 42 U.S.C. ' 1983 based upon a *respondeat superior* theory.

## 48ᵀᴴ DEFENSE

The Butler County Board of Education is not liable for the acts of its employees under 42 U.S.C. ' 1983.

## 49ᵀᴴ DEFENSE

These Defendants did not either take any action or inaction giving rise to a cause of action under the Equal Protection Clause of the United States Constitution.

## 50ᵀᴴ DEFENSE

These Defendants did not either take any action or inaction giving rise to a cause of action for race discrimination by adverse employment action in violation of Title VII of the Civil Rights Act of 1964, as Amended under the Constitution, laws and/or statutes of the State of Alabama.

## 51ˢᵀ DEFENSE

These Defendants did not either take any action or inaction giving rise to a cause of action under the 42 U.S. ' 1983.

## 52ᴺᴰ DEFENSE

These Defendants state that their selection of other candidates for the positions at issue were based on legitimate, non-discriminatory reasons unrelated to the Plaintiffs' race.

## 53ᴿᴰ DEFENSE

All of Plaintiff Joseph West's claims which occurred more than 180-days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 54TH DEFENSE

All of Plaintiff Joseph West's claims which are not set forth in his EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 55TH DEFENSE

All of Plaintiff Margaret West's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 56TH DEFENSE

All of Plaintiff Margaret West's claims which are not set forth in her EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 57TH DEFENSE

All of Plaintiff Regina Bennett's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 58TH DEFENSE

All of Plaintiff Regina Bennett's claims which are not set forth in her EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 59TH DEFENSE

All of Plaintiff Willie Thornton's claims which occurred more than 180-days prior to the filing of his charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 60TH DEFENSE

All of Plaintiff Willie Thornton's claims which are not set forth in his EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 61ST DEFENSE

All of Plaintiff Lenicki Moore's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 62ND DEFENSE

All of Plaintiff Lenicki Moore's claims which are not set forth in her EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 63RD DEFENSE

All of Plaintiff Shawnda Bell's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the EEOC are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## 64TH DEFENSE

All of Plaintiff Shawnda Bell's claims which are not set forth in her EEOC Charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## 65TH DEFENSE

These Defendants have never engaged in a pattern or practice of discriminating against individuals based upon race.

## 66TH DEFENSE

These Defendants assert they have not engaged in any behavior which gives rise to a cause of action under 42 U.S.C. §1983 and/or the Fourteenth Amendments to the United States Constitution.

## 67TH DEFENSE

The Plaintiffs' Complaint fails to state a cause of action which gives rise to any claim of mental distress, humiliation, loss of prestige, mental anguish, or emotional pain and suffering.

## 68TH DEFENSE

Plaintiffs have failed to exhaust available administrative remedies.

## 69TH DEFENSE

These Defendants assert that Plaintiffs have not been subjected to a hostile work environment.

## 70TH DEFENSE

These Defendants reserve the right to add additional defenses as discovery progresses.

DATED THIS the 1st day of February, 2019.

> BUTLER COUNTY BOARD OF EDUCATION,
> LINDA HAMILTON, MICKEY JONES,
> MICHAEL NIMMER, LOIS ROBINSON, and
> BRANDON SELLERS, *Defendants*,
>
> By: /s/ James R. Seale
>
> James R. Seale (SEA006)
> HILL, HILL, CARTER
>   FRANCO, COLE & BLACK, PC
> Post Office Box 116
> Montgomery, Alabama 36101-0116
> 334.834.7600 – telephone
> 334.263.5969 – fax
> jrs@hillhillcarter.com
> Counsel for Defendants

-43-

OF COUNSEL:
Lewis S. ("Pete") Hamilton
Powell & Hamilton
505 E Commerce St
Greenville, AL 36037
334.382.3372
pete@powellandhamilton.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama which will automatically notify:

Stanley F. Gray, Esquire
GRAY LANGFORD SAPP McGOWAN
GRAY GRAY & NATHANSON
Post Office Box 830239
Tuskegee, AL 36083-0239
sgray@glsmgn.com

Fred D. Gray, Jr., Esquire
GRAY LANGFORD SAPP McGOWAN
GRAY GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
fgrayjr@glsmgn.com

J. Carlton Sims, Jr., Esquire
Post Office Box 373
Montgomery, AL 36101-0373
jcsimslegal@gmail.com

Victoria D. Relf, Esquire
Litigation Staff Attorney
ALABAMA EDUCATION ASSOCIATION
Post Office Box 4177
Montgomery, Alabama 36103-4177
victoria.relf@alaedu.org

Monica L. Arrington, Esquire
ARRINGTON & ARRINGTON
2501 Bell Road
Montgomery, AL 36117
arringtonmon@aol.com

this the 1st day of February, 2019.

                          /s/ James R. Seale
                          OF COUNSEL

**18**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH WEST; MARGARET              )
WEST; REGINA M. BENNETT;           )
WILLIE THORNTON; LENICKI           )
MOORE and SHAWNDA BELL,            )
                                   )
               Plaintiffs,   )
                                   )
                                   )
v.                                 )          Civil Action No.:  2:18-cv-1061-MHT
                                   )
BUTLER COUNTY BOARD OF             )
EDUCATION; LINDA                   )
HAMILTON, individually and in      )
her official capacity as a member of )
the Butler County Board of         )
Education; MICKEY JONES,           )
individually and in his official   )
capacity as a member of the Butler )
County Board of Education;         )
MICHAEL NIMMER, individually       )
and in his official capacity as a  )
member of the Butler County        )
Board of Education; LOIS           )
ROBINSON, individually and in      )
her official capacity as a member of )
the Butler County Board of         )
Education; and BRANDON             )
SELLERS, individually and in his   )
official capacity as a member of the )
Butler County Board of Education;  )
and JOHN STRYCKER,                 )
individually and in his official   )
capacity as a member of the Butler )
County Board of Education;         )

)
**Defendants.**  )
)

## ANSWER TO PLAINTIFFS' COMPLAINT ON BEHALF OF DEFENDANT JOHN STRYCKER

COMES NOW, the defendant, Superintendent John Strycker in the above-styled cause, and for answer to the Plaintiffs' Complaint, states as follows:

### I.    NATURE OF THE CASE

1.    With respect to the allegations contained in Paragraph 1 of the Complaint, Defendant admits the Plaintiffs allege causes of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* However, Defendant denies he committed any act or omission giving rise to the Plaintiffs' claims and further denies the Plaintiffs are entitled to the relief sought.

### II.    JURISDICTION

2.    With respect to the allegations contained in Paragraph 2 of the *Complaint*, Defendant admits the Plaintiffs filed their *Complaint* pursuant to 42 U.S.C. §§ 1331 and 1343 and 42U.S.C. §2000e, *et seq*. Defendant admits this Honorable Court has jurisdiction over the claims set forth in the Plaintiffs' *Complaint*, but denies that he committed any act or omission giving rise to Plaintiffs' claims and further denies the Plaintiffs are entitled to fees and costs.

### III. VENUE

3.    With respect to the allegations contained in Paragraph 3 of Plaintiffs' *Complaint*, Defendant admits Plaintiffs filed their *Complaint* pursuant 42 U.S.C. §2000e-5(t)(3). Defendant

2

admits this Honorable Court has jurisdiction and venue over the claims set forth in Plaintiffs'

*Complaint*, but denies that he committed any act or omission giving rise to Plaintiffs' claims.

## IV. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

## V. PARTIES

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the BCBOE is a public entity which receives federal funds and

has at least fifteen employees.

13.     Defendant admits he is an adult citizen of the United States and of the State of

Alabama and is employed as Superintendent of the Butler County Board of Education.

Defendant denies that he committed any act or omission giving rise to the Plaintiffs' Complaint.

14.     Paragraph 14 of the Complaint does not contain allegations directed at this

Defendant, and thus, no response it required of this Defendant.   To the extent a response is

required, Defendant admits Linda Hamilton is a member of the Butler County Board of Education.

Defendant otherwise denies the allegations in Paragraph 14.

15.     Paragraph 15 of the Complaint does not contain allegations directed at

this Defendant, and thus, no response it required of this Defendant.  To the extent a response is

required, Defendant admits Mickey Jones is a member of the Butler County Board of Education. Defendant otherwise denies the allegations in Paragraph 15.

16.     Paragraph 16 of the Complaint does not contain allegations directed at this Defendant and thus, no response it required of this Defendant.  To the extent a response is required, Defendant admits Michael Nimmer is a member of the Butler County Board of Education. Defendant otherwise denies the allegations in Paragraph 16.

17.     Paragraph 17 of the Complaint does not contain allegations directed at this Defendant and thus, no response it required of this Defendant.  To the extent a response is required, Defendant admits Lois Robinson is a member of the Butler County Board of Education. Defendant otherwise denies the allegations in Paragraph 17.

18.     Paragraph 18 of the Complaint does not contain allegations directed at this Defendant and thus, no response it required of this Defendant.  To the extent a response is required, Defendant admits Brandon Sellers is a member of the Butler County Board of Education. Defendant otherwise denies the allegations in Paragraph 18.

19.     Paragraph 19 of the Complaint does not contain allegations directed at this Defendant and thus, no response it required of this Defendant.

## VI. FACTUAL ALLEGATIONS

20.     Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-19 of Plaintiffs' Complaint.

21.     Paragraph 21 of the Complaint does not contain allegations directed to this Defendant and thus, no response is required of this Defendant.  To the extent a response is required, Defendant admits he was hired as Superintendent of the BCBOE in February of 2017.

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Defendant admits he had supervisory responsibilities as Superintendent of the

BCBOE.

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations as stated in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint does not contain allegations directed to this

Defendant and thus, no response is required of this Defendant.   To the extent a response is

required, Defendant denies the allegations in Paragraph 33.

## PLAINTIFF, JOSEPH WEST

34.     Defendant admits the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits the allegations in Paragraph 36 of the Complaint.

37.     Defendant admits the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations as stated in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     With respect to the allegations in Paragraph 43, Defendant admits Plaintiff Joseph West was offered a voluntary transfer which he denied.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant admits the allegations in Paragraph 54 of the Complaint.

55.     Defendant admits the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

## PLAINITFF, MARGARET WEST

57.     Defendant admits the allegations in Paragraph 57 of the Complaint.

58.     Defendant admits the allegations in Paragraph 58 of the Complaint.

59.     Defendant admits the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant admits Plaintiff Margaret West was recommended for transfer from the position of guidance counselor at Greenville Middle School to a position of Career and Technical

Center Professional School Counselor at Greenville High School.

62.     Defendant does not have sufficient information to admit or deny whether the recommended transfer was involuntary, and therefore, said allegation is denied. The remaining allegation contained in paragraph 62 is admitted.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies Plaintiff Margaret West voiced her objection to the voluntary transfer, but otherwise admits the remaining allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant admits Plaintiff Margaret West retired on or about August 1, 2018, but denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint as plead. Defendant admits Brianna Hunter was hired after the position was offered to Shawnda Bell, who declined to accept the position.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.     Defendant admits the allegations in Paragraph 74 of the Complaint.

75.     Defendant admits the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

## PLAINTIFF, WILLIE THORNTON

77.   Defendant admits the allegations in Paragraph 77 of the Complaint.

78.   Defendant admits the allegations in Paragraph 78 of the Complaint.

79.   Defendant admits the allegations in Paragraph 79 of the Complaint.

80.   Defendant denies the allegations in Paragraph 80 of the Complaint.

81.   Defendant denies the allegations in Paragraph 81 of the Complaint.

82.   Defendant does not have sufficient information to admit or deny the allegations in
Paragraph 82 of the Complaint and therefore denies the same.

83.   Defendant denies the allegations in Paragraph 83 of the Complaint.

84.   Defendant admits the allegations in Paragraph 84 of the Complaint.

85.   Defendant denies the allegations in Paragraph 85 of the Complaint.

86.   Defendant denies the allegations in Paragraph 86 of the Complaint.

87.   Defendant admits the allegations in Paragraph 87 of the Complaint.

88.   Defendant does not have sufficient information to admit or deny the allegations in
Paragraph 88 of the Complaint and therefore denies the same.

89.   Defendant does not have sufficient information to admit or deny the allegations in
Paragraph 89 of the Complaint and therefore denies the same.

90.   Defendant denies the allegations in Paragraph 90 of the Complaint.

## PLAINTIFF, LENICKI MOORE

91.   Defendant admits the allegations in Paragraph 91 of the Complaint.

92.   Defendant admits the allegations in Paragraph 92 of the Complaint.

93.   Defendant admits the allegations in Paragraph 93 of the Complaint.

94.   Defendant admits the allegations in Paragraph 94 of the Complaint.

95.    Defendant admits the allegations in Paragraph 95 of the Complaint.

96.    Defendant admits the allegations in Paragraph 96 of the Complaint.

97.    With respect to Paragraph 97 of the Complaint, Defendant admits the BCBOE denied Plaintiff Lenicki Moore's appeal, but denies the remaining allegations as contained in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98 of the Complaint.

99.    Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Defendant does not have sufficient information to admit or deny the allegations in Paragraph 103 of the Complaint and therefore denies the same.

104.    Defendant does not have sufficient information to admit or deny the allegations in Paragraph 104 of the Complaint and therefore denies the same.

105.    Defendant does not have sufficient information to admit or deny the allegations in Paragraph 105 of the Complaint and therefore denies the same.

106.    Defendant denies the allegations in Paragraph 106 of the Complaint.

### PLAINTIFF, SHAWNDA BELL

107.    Defendant admits the allegations in Paragraph 107 of the Complaint.

108.    Defendant admits the allegations in Paragraph 108 of the Complaint.

109.    Defendant admits the allegations in Paragraph 109 of the Complaint.

110.    With respect to the allegations contained in Paragraph 110 of the Complaint, Defendant admits Plaintiff Shawnda Bell performed her job in a satisfactory manner. However,

Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 110 of the Complaint and therefore denies the same.

111.     Defendant denies the allegations in Paragraph 111 of the Complaint.

112.     Defendant denies the allegations in Paragraph 112 of the Complaint.

113.     Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 113 of the Complaint and therefore denies the same.

114.     Defendant denies the allegations in Paragraph 114 of the Complaint.

115.     Defendant admits the allegations in Paragraph 115 of the Complaint.

116.     Defendant admits the allegations in Paragraph 116 of the Complaint.

117.     Defendant denies the allegations in Paragraph 117 of the Complaint.

118.     Defendant denies the allegations of Paragraph 118 of the Complaint.

119.     Defendant denies the allegations of Paragraph 119 of the Complaint.

120.     Defendant admits the allegations in Paragraph 120 of the Complaint.

121.     Defendant admits the allegations in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations of Paragraph 122 of the Complaint.

### PLAINTIFF, REGINA BENNETT

123.     Defendant admits the allegations in Paragraph 123 of the Complaint.

124.     Defendant admits the allegations in Paragraph 124 of the Complaint.

125.     Defendant admits the allegations in Paragraph 125 of the Complaint.

126.     Defendant admits the allegations in Paragraph 126 of the Complaint.

127.     Defendant denies the allegations in Paragraph 127 of the Complaint.

128.     Defendant denies the allegations in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations in Paragraph 129 of the Complaint.

130.    Defendant denies the allegations in Paragraph 130 of the Complaint.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations of Paragraph 134 of the Complaint.

135.    Defendant admits he sent a letter to Plaintiff Regina Bennett concerning her reassignment from School Counselor to Elementary Teacher. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 135 and therefore denies the same.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations of Paragraph 138 of the Complaint.

139.    Defendant denies the allegations of Paragraph 139 of the Complaint.

140.    Defendant denies the allegations of Paragraph 140 of the Complaint.

141.    Defendant denies the allegations of Paragraph 141 of the Complaint.

142.    Defendant admits the allegations of Paragraph 142 of the Complaint.

143.    Defendant admits the allegations of Paragraph 143 of the Complaint.

## VII. CAUSES OF ACTION

### COUNT I

### (RACE DISCRIMINATION BY ADVERSE EMPLOYMENT ACTION AGAINST JOSEPH WEST IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

144.    Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-143 of Plaintiffs' Complaint.

145.    The allegations in Paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violation any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

146.    Defendant admits the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

148.    Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Complaint.

## COUNT II

### (RACE DISCRIMINATION BY ADVERSE EMPLOYMENT ACTION AGAINST MARGARET WEST IN VIOLATION OF TITLE VII OF THE CIIVL RIGHTS ACT OF 1964, AS AMENDED)

152.    Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-151 of Plaintiffs' Complaint.

153.    The allegations in Paragraph 153 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

154.    Defendant admits the allegations in Paragraph 146 of the Complaint.

155.    Defendant denies the allegations in Paragraph 147 of the Complaint.

156.    Defendant denies the allegations in Paragraph 148 of the Complaint.

157.    Defendant denies the allegations in Paragraph 149 of the Complaint.

158.    Defendant denies the allegations in Paragraph 150 of the Complaint.

159.    Defendant denies the allegations in Paragraph 151 of the Complaint.

## COUNT III

## (RACE DISCRIMINATION BY ADVERSE EMPLOYMENT ACTION AGAINST MARGARET WEST IN VIOLATION OF TITLE VII OF THE CIIVL RIGHTS ACT OF 1964, AS AMENDED)

160.    Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-159 of Plaintiffs' Complaint.

161.    The allegations in Paragraph 161 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

162.    Defendant admits the allegations in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations in Paragraph 167 of the Complaint.

## COUNT IV

## (RACE DISCRIMINATION BY ADVERSE EMPLOYMENT ACTION AGAINST MARGARET WEST IN VIOLATION OF TITLE VII OF THE CIIVL RIGHTS ACT OF 1964, AS AMENDED)

168.    Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-167 of Plaintiffs' Complaint.

169.    The allegations in Paragraph 169 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and Title VII, 42 U.S.C. § 2000e-2(a)(1) cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

170.    Defendant admits the allegations in Paragraph 170 of the Complaint.

171.    Defendant denies the allegations in Paragraph 171 of the Complaint.

172.    Defendant denies the allegations in Paragraph 172 of the Complaint.

173.    Defendant denies the allegations in Paragraph 173 of the Complaint.

174.    Defendant denies the allegations in Paragraph 174 of the Complaint.

175.    Defendant denies the allegations in Paragraph 175 of the Complaint.

## COUNT V

## (ADVERSE EMPLOYMENT ACTION AGAINST REGINA BENNETT BASED ON RETALIATION)

176.    Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-175 of Plaintiffs' Complaint.

177.    The allegations in Paragraph 177 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and the cases cited therein speak for themselves. To the extent a response is required, Defendant denies that he engaged in any conduct

which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

178.   Defendant denies the allegations in Paragraph 178 of the Complaint.

179.   Defendant denies the allegations in Paragraph 179 of the Complaint.

180.   Defendant denies the allegations in Paragraph 180 of the Complaint.

181.   Defendant denies the allegations in Paragraph 181 of the Complaint.

## COUNT VI

### (HOSTILE WORK ENVIORNMENT AS TO REGINA BENNETT)

182.   Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-181 of Plaintiffs' Complaint.

183.   The allegations in Paragraph 183 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and the case cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

184.   Defendant denies the allegations in Paragraph 184 of the Complaint.

185.   Defendant denies the allegations in Paragraph 185 of the Complaint.

## COUNT VII

### (RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §§ 1981 AND 1983 AND TITLE VII)

186.   Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-186 of Plaintiffs' Complaint.

187.   Defendant denies the allegations in Paragraph 187 of the Complaint.

188.   The allegations in Paragraph 188 of Plaintiffs' Complaint state a legal conclusion

to which no response is required of this Defendant. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

189.    The allegations in Paragraph 189 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

190.    The allegations in Paragraph 190 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and the case cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

191.    The allegations in Paragraph 191 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

192.    Defendant denies the allegations in Paragraph 192 of the Complaint.

193.    Defendant denies the allegations in Paragraph 193 of the Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Complaint.
Defendant denies the allegations in Paragraph 192 of the Complaint.

195.    Defendant denies the allegations in Paragraph 195 of the Complaint.

196.    Defendant denies the allegations in Paragraph 196 of the Complaint.

197.    Defendant denies the allegations in Paragraph 197 of the Complaint.

198.    Defendant denies the allegations in Paragraph 198 of the Complaint.

199.   Defendant denies the allegations in Paragraph 199 of the Complaint.

200.   Defendant denies the allegations in Paragraph 199 of the Complaint.

## COUNT VIII

### (42 U.S.C. § 1983 VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION)

201.   Defendant re-states and adopts by reference as if fully set forth herein responses to Paragraphs 1-200 of Plaintiffs' Complaint.

202.   The allegations in Paragraph 202 of Plaintiffs' Complaint state a legal conclusion to which no response is required of this Defendant and the case cited therein speaks for itself. To the extent a response is required, Defendant denies that he engaged in any conduct which violated any rights or privileges afforded Plaintiffs by the U.S. Constitution and/or clearly established law.

203.   Defendant denies the allegations in Paragraph 203 of the Complaint.

204.   Defendant denies the allegations in Paragraph 204 of the Complaint.

205.   Defendant denies the allegations in Paragraph 205 of the Complaint.

206.   Defendant denies the allegations in Paragraph 206 of the Complaint.

207.   Defendant denies the allegations in Paragraph 207 of the Complaint.

208.   Defendant denies the allegations in Paragraph 208 of the Complaint.

209.   Defendant denies the allegations in Paragraph 209 of the Complaint.

210.   Defendant denies the allegations in Paragraph 210 of the Complaint.

### VIII. PRAYER FOR RELIEF

Defendant denies that the Plaintiffs are entitled to the relief requested in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads the general issue and denies all material allegations in the Plaintiffs' Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that at all material times hereto, he was acting as an employee of the Butler County Board of Education and acting within the performance of his official duties.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is innocent of the allegations against him.

### FIFTH AFFIRMATIVE DEFENSE

Defendant denies that any action or inaction by him caused or contributed to cause a violation of Plaintiffs' rights or the alleged injuries of which the Plaintiffs complain.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by estoppel and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Plaintiffs' own conduct proximately caused the alleged injuries.

## TENTH AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any adverse employment actions because of any alleged discrimination or alleged retaliation.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably and in good faith toward the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Even if any adverse employment decisions by defendant toward Plaintiffs were motivated by some unlawful intent, which they were not, Defendant would have made the same decisions with respect to the Plaintiffs regardless of such motivation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant did not violate any clearly established constitutional rights of the Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were not deprived of any rights secured by the Constitution or laws of the United States of America.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided under the Constitution of the United States of America.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant avers that any employment decisions made with respect to the plaintiffs were based on legitimate business reasons.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies that he engaged in any discriminatory behavior and asserts that his decisions with respect to the Plaintiffs' employment were based on legitimate, non-discriminatory reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that he has not engaged in any behavior which gives rise to a cause of action under 42 U.S.C. §1983 and/or 42 U.S.C §1981.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' Complaint fails to state a cause of action which gives rise to any claim of mental anguish, emotional distress, or embarrassment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is not the Plaintiffs' employer.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the plaintiffs in this case would be

violative of the constitutional safeguards provided under the Constitution of the United States of America.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant did not violation any rights of Plaintiffs secured by the Anti-Retaliation provisions of Title VII of the Civil Rights Act of 1964.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs do not have standing to seek injunctive relief.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference as if fully set out herein the affirmative defenses asserted by the co-defendants in their Answer, to the extent that those affirmative defenses have equal application to this Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that he is immune from all official capacity claims pursuant to the Eleventh Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

No unconstitutional action was taken pursuant to an officially promulgated policy, statement, decision, regulation, or ordinance.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not identify any policy of the BCBOE which allegedly caused a constitutional violation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to various immunities, including absolute immunity, discretionary function immunity, and qualified immunity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs 42 U.S.C. § 1983 claims are based upon some constitutional violation, Plaintiffs' *Complaint* fails to allege a specific constitutional right that has been violated.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant did not either take any action or inaction giving rise to a cause of action under the Equal Protection Clause of the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant has never engaged in a pattern or practice of discriminating against individuals based upon race.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiff Joseph West's claims which occurred more than 180-days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff Joseph West's claims which are not set forth in his EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiff Margaret West's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

All of Plaintiff Margaret West's claims which are not set forth in her EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

### FOURTIETH AFFIRMATIVE DEFENSE

All of Plaintiff Regina Bennett's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

### FORTY-FIRST AFFIRMATIVE DEFENSE

All of Plaintiff Regina Bennett's claims which are not set forth in her EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

### FORTY-SECOND AFFIRMATIVE DEFENSE

All of Plaintiff Willie Thornton's claims which occurred more than 180-days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## FORTY-THIRD AFFIRMATIVE DEFENSE

All of Plaintiff Willie Thornton's claims which are not set forth in his EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

All of Plaintiff Lenicki Moore's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

All of Plaintiff Lenicki Moore's claims which are not set forth in her EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## FORTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiff Shawnda Bell's claims which occurred more than 180-days prior to the filing of her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. §2000(e).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff Shawnda Bell's claims which are not set forth in her EEOC charge are barred as outside the scope of that Charge in relation to any claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust available administrative remedies.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as discovery progresses.

*/s/ Holbrook E. Reid*
HOLBROOK E. REID
Attorney for Defendant, Spt. John Strycker

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680 - telephone
(334) 387-3222 - facsimile
bemfinger@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following

counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail,

postage prepaid this February 6, 2019:

| | |
|---|---|
| Stanley F. Gray<br>Gray Langford Sapp McGowan Gray Gray &<br>Nathanson<br>Post Office Box 830239<br>Tuskegee, Alabama 36083-0239<br>Email: sgray@glsmgn.com<br>*Counsel for Plaintiffs* | Fred D. Gray, Jr.<br>Gray Langford Sapp McGowan Gray Gray &<br>Nathanson<br>Post Office Box 830239<br>Tuskegee, Alabama 36083-0239<br>Email: fgrayjr@glsmgn.com<br>*Counsel for Plaintiffs* |
| J. Carlton Sims, Jr.<br>Post Office Box 373<br>Montgomery, Alabama 36101-0373<br>Email: jcsimslegal@gmail.com<br>*Counsel for Plaintiffs* | Victoria D. Relf<br>Alabama Education Association<br>Post Office Box 4177<br>Montgomery, Alabama 36103-4177<br>Email: victoria.relf@alaedu.org<br>*Counsel for Plaintiffs* |
| Monica L. Arrington<br>Arrington & Arrington<br>2501 Bell Road<br>Montgomery, Alabama 36117<br>Email: arringtonmon@aol.com<br>*Counsel for Plaintiffs* | James R. Seale<br>Hill Hill Carter Franco Cole & Black, P.C.<br>Post Office Box 116<br>Montgomery, Alabama 36101-0116<br>Email: jrs@hillhillcarter.com<br>*Counsel for Defendants Butler County Board*<br>*of Education, Linda Hamilton, Mickey Jones,*<br>*Michael Nimmer, Lois Robinson and*<br>*Brandon Sellers* |

/s/ Holbrook E. Reid
OF COUNSEL

20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEST; MARGARET WEST; REGINA M. BENNETT; WILLIE THORNTON; LENICKI MOORE; AND SHAWNDA BELL, | : | |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| -VS- | : | Case No. 2:18-cv-1061-MHT-SRW |
| | : | |
| BUTLER COUNTY BOARD OF EDUCATION, ET AL., | : | |
| | : | |
| DEFENDANTS. | : | |

## PARTIES' RULES 26(F) PLANNING MEETING REPORT

Pursuant to *Fed.R.Civ.P.* 26(f), a meeting was held telephonically between counsel for the parties on the 28th day of February, 2019, and now submit the following Report of that meeting to the Court for its consideration.

1.  The meeting was attended by:

    a.  Stanley F. Gray, J. Carlton Sims, Jr., Monica L. Arrington, and Victoria D. Relf for Plaintiffs Joseph West, Margaret West, Regina M. Bennett, Willie Thornton, Lenicki Moore, and Shawnda Bell;

    b.  James R. Seale for Defendants Butler County Board of Education, Linda Hamilton, Mickey Jones, Michael Nimmer, Lois Robinson, and Brandon Sellers; and

    c.  Holbrook E. Reid for Defendant John Strycker.

2.  Pre-discovery disclosures. The parties will exchange the information required by Rule 26.1 by on or before March 21, 2019, as agreed upon by counsel.

3.  Discovery Plan: The parties propose to the Court the following discovery plan:

    a.  Discovery will be needed on the following subjects: all matters raised in the Complaint, any amendments to the Complaint, any Answer, and any and all damages claimed by Plaintiffs;

b.   All discovery commenced in time to be completed by December 17, 2019;

c.   Maximum of 25 interrogatories, including all discrete subparts, by each party to any other party. Responses due 30 days after service. Service through electronic mail is acceptable. Prior to producing, all production, either in paper or electronic form, shall be sequentially Bates numbered;

d.   Production of documents, including all discrete subparts, as allowed under the Federal Rules of Civil Procedure, by each party to any other party. Responses due 30 days after service. Service through electronic mail is acceptable. Prior to producing, all production, either in paper or electronic form, shall be sequentially Bates numbered;

e.   Requests for admission, including all discrete subparts, as allowed under the Federal Rules of Civil Procedure, by each party to any other party. Responses due 30 days after service. Service through electronic mail is acceptable. Prior to producing, all production, either in paper or electronic form, shall be sequentially Bates numbered;

f.   ***Plaintiffs' proposed language***:
Maximum of 10 depositions by each Plaintiff party and 10 depositions by each Defendant party, unless otherwise agreed to by the parties.  For the purpose of calculating the number of depositions taken by each plaintiff, a joint deposition by Plaintiffs or Defendants will count as a single deposition and count against Plaintiff as designated by Plaintiffs' Counsel;
***Defendants' proposed language***:
Depositions of deponents, other than that of party Plaintiffs and party Defendants, will be limited to a maximum of 10 for both party Plaintiffs and party Defendants, unless otherwise stipulated to or ordered by the Court;

g.   ***Plaintiffs' proposed language***:
Because Defendant Strycker is intricately and distinguishably involved with each Plaintiff, and because Plaintiffs anticipate there being a large number of exhibits related to each Plaintiffs' case in chief, each Plaintiff requires at a minimum the time permitted under the Rules to depose the Defendant Strycker, which is 1 day per Plaintiff at no more than 7 hours per day, unless otherwise stipulated to or ordered by the Court;
***Defendants' proposed language***:
The deposition of Defendant Strycker, unless otherwise stipulated or ordered by the court, is limited to 2 days of 7 hours each;

h.   ***Plaintiffs' proposed language***:
The deposition of each Defendant Board member, unless otherwise stipulated or ordered by the court, is limited to 2 days of 7 hours each;
***Defendants' proposed language***:
The deposition of each Defendant Board member, unless otherwise stipulated or ordered by the court, is limited to 10 hours;

i.   Each remaining deposition, except as otherwise provided herein or otherwise stipulated or ordered by the court, is limited to 1 day of 7 hours;

j.   Reports from retained experts under Rule 26(a)(2) due:

   (1)   from Plaintiffs by September 1, 2019; and
   (2)   from Defendants by October 1, 2019; and

k.   Supplementations under Rule 26(e) shall be made in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrected information has not otherwise been made known to the other parties during the discovery process or in writing;

l.   Electronically Stored Information (ESI): Disclosure or discovery of electronically stored information should be handled as follows:

   (1)   Upon receipt of discovery requests, the responding party will notify the requesting party within 21 days as to any issues relating to the disclosure or discovery of ESI and the parties will work in good faith to resolve the issues.
   (2)   Each party shall provide timely notice of any requested ESI that has been destroyed or deleted (inadvertently or otherwise).
   (3)   Search methodology: if a producing party employs an electronic search to locate any responsive ESI, upon request by the requesting party, the parties shall discuss and reach an agreement as to the method of searching, and the words, terms, and phrases to be searched. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g. timeframes, fields, document types, etc.).
   (4)   The parties agree with respect to any ESI that is identified or requested during the course of discovery, such documents to the extent that they are reasonably accessible or otherwise not objectionable, will be produced on a CD or DVD formatted in the document's native electronic format. If an image file is produced, the requesting party must demonstrate a particularized need for the production of its ESI in its native format.

(5)   The parties will take necessary steps to ensure that ESI, including, but not limited to documents and e-mail are not permanently deleted in the ordinary course of business.

(6)   Electronically stored information that contains privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production.

(7)   The Parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: A party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or ESI and any copies thereof and may not use information contained therein until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

4.   Other matters.

a.   The parties **DO** request a conference with the Court before entry of the Scheduling Order[1];

b.   Plaintiffs should be allowed until September 1, 2019 to join additional parties and amend the pleadings;

c.   Defendants should be allowed until October 1, 2019 to join additional parties and amend the pleadings;

d.   All potentially dispositive motions should be filed by January 14, 2020;

e.   Settlement will be evaluated on a continuing basis throughout the case;

f.   The parties request a final pretrial conference in July 13, 2020;

g.   Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

---

[1] The parties request a conference with this Honorable Court to discuss the complexities of this case, number of witness depositions, and possibility of the need to extend the trial term.

      (1)   from Plaintiffs: 42 days before trial; and

      (2)   from Defendants: 42 days before trial.

h.     Parties should have until no less than 14 days prior to trial to list objections to matters under Rule 26(a)(3); and

i.     The case should be ready for trial by August 24, 2020, and is expected to take approximately 3-4 days, exclusive of jury selection and pretrial argument.

Plaintiffs' counsel have not suggested ADR. At this point, Defendants are not inclined to attempt ADR. The position of Defendants may change over the coming weeks or months. Defendants will inform the Court in a timely manner as to any change in their position regarding ADR

The undersigned attests that Stanley F. Gray, J. Carlton Sims, Jr., Monica L. Arrington, Fred D. Gray, Jr., Victoria D. Relf and Holbrook E. Reid have agreed to the foregoing and have authorized me to execute this document and electronically file same on their behalf.

RESPECTFULLY SUBMITTED this the 28th day of February, 2019.

| | |
|---|---|
| JOSEPH WEST, MARGARET WEST, REGINA M. BENNETT, WILLIE THORNTON, LENICKI MOORE, and SHAWNDA BELL, *Plaintiffs*, | BUTLER COUNTY BOARD OF EDUCATION, LINDA HAMILTON, MICKEY JONES, MICHAEL NIMMER, LOIS ROBINSON, and BRANDON SELLERS, *Defendants*, |

By: /s/ Stanley F. Gray

    Stanley F. Gray, Esquire
    GRAY LANGFORD SAPP MCGOWAN
     GRAY & NATHANSON
    Post Office Box 830239
    Tuskegee, AL 36083-0239
    sgray@glsmgn.com

By: /s/ J. Carlton Sims, Jr.

    J. Carlton Sims, Jr., Esquire
    Post Office Box 373
    Montgomery, AL 36101-0373
    jcsimslegal@gmail.com

By: /s/ James R. Seale

    James R. Seale (SEA006)
    HILL, HILL, CARTER
     FRANCO, COLE & BLACK, PC
    Post Office Box 116
    Montgomery, Alabama 36101-0116
    334.834.7600 – telephone
    334.263.5969 – fax
    jrs@hillhillcarter.com
    *Counsel for Defendants Butler County Board of Education, Hamilton, Jones, Nimmer, Robinson, and Sellers*

By: /s/ Monica L. Arrington

    Monica L. Arrington, Esquire
    ARRINGTON & ARRINGTON
    2501 Bell Road
    Montgomery, AL 36117
    (334) 270-2007
    arringtonmon@aol.com

By: /s/ Fred D. Gray, Jr.

    Fred D. Gray, Jr., Esquire
    GRAY LANGFORD SAPP MCGOWAN GRAY
      GRAY & NATHANSON
    P.O. Box 830239
    Tuskegee, AL 36083-0239
    fgrayjr@glsmgn.com

By: /s/ Victoria D. Relf

    Victoria D. Relf, Esquire
    Litigation Staff Attorney
    ALABAMA EDUCATION ASSOCIATION
    Post Office Box 4177
    Montgomery, Alabama 36103-4177
    (334) 834-9790
    victoria.relf@alaedu.org
    *Counsel for Plaintiffs*

OF COUNSEL:
Lewis S. ("Pete") Hamilton
Powell & Hamilton
505 E Commerce St
Greenville, AL 36037
334.382.3372
pete@powellandhamilton.com

**JOHN STRYKER,** *Defendant,*

By: /s/ Holbrook E. Reid

    Holbrook E. Reid
    BALL, BALL, MATTHEWS & NOVAK, PA
    445 Dexter Avenue, Suite 9045
    Post Office Box 2148
    Montgomery, AL 36102-2148
    bemfinger@ball-ball.com
    (334) 387-2889 – telephone
    (334) 387-3222 – fax
    bemfinger@ball-ball.com
    *Counsel for Defendant Strycker*

**23**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOSEPH WEST, et al.,            )
                                )
        Plaintiffs,             )
                                )     CIVIL ACTION NO.
        v.                      )     2:18cv1061-MHT
                                )
BUTLER COUNTY BOARD OF          )
EDUCATION, et al.,              )
                                )
        Defendants.             )

### UNIFORM SCHEDULING ORDER

Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

Under Rule 16, Federal Rules of Civil Procedure, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

SECTION 1: Trial and Pretrial Dates. An on-the-record pretrial conference is scheduled for July 16, 2020, in Montgomery, Alabama. This cause is set for trial during the term of court commencing on August 24, 2020, at 10:00 a.m., in Montgomery, Alabama.

SECTION 2: Dispositive Motions. Dispositive motions, *e.g.*, motions for summary judgment, shall be

filed no later than January 17, 2020.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference may result in the evidence not being considered by the court.

Daubert motions shall be filed on or before the above dispositive-motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

SECTION 3:  The Parties' Settlement Conference.  No later than December 20, 2019, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not more than SEVEN (7) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation."  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation or a settlement conference with the presiding judge will assist them in resolving this case short of trial.

SECTION 4:  Amendments to Pleadings.  Motions to amend the pleadings and to add parties shall be filed by the parties, on or before August 30, 2019.

SECTION 5:  Class Certification.  Motions for class certification shall be filed on or before June 4, 2019.  A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

2

SECTION 6:   Responses to Motions.   The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the Court shall   indicate   that   there   is   no   opposition   to   the motion.

SECTION 7:   Discovery Cutoff.   All discovery shall be completed on or before December 20, 2019, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names   are   not   revealed   with   sufficient   time   for   the other   parties   to   take   a   deposition   prior   to   the pretrial conference, the opposing party shall have the deadline   in   this   paragraph   extended   to   allow   for deposing such witnesses.

The   plaintiffs   shall   be   allowed   one   day   per plaintiff   to   depose   the   superintendent,   plus   19 additional depositions for the plaintiffs as a group. In addition to the deposition of the superintendent and the   19   additional   depositions,   the   plaintiffs   are allowed   a   total   of   20   hours   to   depose   the   board members,   with   leave   to   move   for   more   time   upon   a showing of need.

Defendants shall be allowed 13 depositions.

If   after   completion   of   some   discovery,   a   party determines that additional depositions are needed, the court will consider a motion to expand the number of depositions.

SECTION   8:   Expert   Witness   Disclosures.   The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of   Evidence,   and   provide   the   reports   of   retained experts or witnesses whose duties as an employee of the party   regularly   involved   giving   expert   testimony,

required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before 90 days prior to dispositive-motion deadline.

From the defendant(s), on or before 60 days prior to dispositive-motion deadline.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

SECTION 9:  Trial Witness Lists.  No later than 42 days prior to trial date, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified. Objections to any witness identified must be filed no later than 28 days before the trial date and shall set out the grounds and legal authority.  The offering party shall file a written response to objections no later than 21 days before the trial date.

SECTION 10:  Deposition Designations.  No later than 42 days prior to the trial date, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition

4

designations that the parties expect to use at trial.
Designations must be by page and line numbers, based on
counsel's good faith opinion that they are relevant and
admissible.   Designation of entire depositions is not
allowed.     Adverse   parties   shall   within   one   week
thereafter file deposition designations expected to be
used in response, and a party shall within three days
of the designation of such responsive parts file the
designation of any part that is desired as a rebuttal
thereto.    Unless   specifically   agreed   between   the
parties or allowed by the court for good cause shown,
the parties shall be precluded from using any part of a
deposition or other document not so listed, with the
exception of parts of depositions or documents to be
used solely for the purpose of impeachment.   Except to
the extent written objections are filed 28 days prior
to the trial date, each party shall be deemed to have
agreed that one of the conditions for admissibility
under Rule 32 of the Federal Rules of Civil Procedure
is satisfied with respect to any such deposition and
that   there   is   no   objection   to   the   testimony   so
designated.   Objections shall state with particularity
the portions objected to, and the objecting party shall
attach a copy of the portions to which the objections
apply.    The   offering   party   shall   file   a   written
response to objections no later than 21 days before the
trial date.

SECTION 11:   Trial Exhibits.   No later than 42 days
prior to trial date, the parties shall, pursuant to the
provisions of Rule 26(a)(3) of the Federal Rules of
Civil   Procedure,   file   exhibit   lists   and   furnish
opposing   counsel   for   copying   and   inspecting   all
exhibits and tangible evidence to be used at the trial.
Proffering counsel shall have such evidence marked for
identification prior to trial.   The list shall identify
specifically   and   separately   by   exhibit   number   each
document   to   be   offered,   and   general   or   bulk
designations   are   not   allowed.    Unless   specifically
agreed between the parties or allowed by the court for

good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed 28 days prior to the trial date, and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than 21 days prior to trial and shall include a pre-marked copy of the evidence at issue.</u>

SECTION 12: Discovery Plan. Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (doc. no. 20) is adopted and incorporated herein.

SECTION 13: Voir Dire. *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 21 days prior to the trial date unless said time is shortened by the court on motion of either party. Objections to motions in limine, fully briefed, must be filed on or before 14 days before the trial date. Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at https://www.almd.uscourts.gov/jurors/juror-information.

SECTION 14. <u>Trial Date Defined.</u> In cases involving jury trials, the term TRIAL DATE as used in the foregoing deadlines shall mean the date on which the term of court commences as specified in SECTION 1.

SECTION 15: General Provisions

(A)     All briefs on any matter before the court must be formal in format and filed with the Court.   The Court does not accept "letter briefs" or "letter reports."

(B)     A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.   A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.     Absent   stated   unforeseen   and   unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C)     Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email         message         sent         to propord_thompson@almd.uscourts.gov.         For     these purposes, the electronic copy should be in Word format and not in WordPerfect or Adobe Acrobat PDF format.   If the proposed order relates to discovery matters, e.g., a HIPAA order or protective order, an electronic copy of the proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may   be   found   at   whose   address   may   be   found   at http://www.almd.uscourts.gov/judges/ judges-and-courtrooms   by   selecting   the   particular judge's link.

7

(D)     If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties.   Unless this Order is modified by subsequent Order of the court, the provisions herein above set out are binding on the parties.

DONE, this the 6th day of March, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

8

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL OPTION

In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, you are notified that a United States magistrate judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court.

A copy of the form for consenting to the exercise of the jurisdiction by a United States magistrate judge is attached and also is available from the Clerk of the Court.

**The district court docket is very congested.** There are advantages to consenting to a trial before a magistrate judge. The principal advantage is that the magistrate judge does not have a docket such as do the district judges and is very flexible on giving you a time to try your case. The Court assures you that all of our magistrate judges are extremely competent and knowledgeable of the law and the procedures necessary to try any civil case. Because the magistrate judge will be conducting the discovery proceedings in the case, he or she will be more familiar with the case than will the district judge. If you do elect to proceed to trial before a magistrate judge, you should notify the district judge to whom your case is assigned so that he, as a matter of courtesy, may telephone the magistrate judge and inform him or her that you desire to try your case before him or her. The parties are encouraged to consider this as an alternative in order to move cases along while resources are very limited. The form and notice of availability of a magistrate judge are attached. The parties are advised that they are free to withhold their consent without adverse consequences.

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| _Defendant_ | ) |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

_Notice of a magistrate judge's availability._ A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

_Consent to a magistrate judge's authority._ The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| _Parties' printed names_ | _Signatures of parties or attorneys_ | _Dates_ |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
_District Judge's signature_

_____
_Printed name and title_

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

29

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH WEST, et. al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:   2:18-CV-1061-MHT-SRW** |
| | ) | |
| **BUTLER COUNTY BOARD OF** | ) | |
| **EDUCATION, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION TO EXTEND DEADLINE TO FILE AMENDMENTS TO PLEADINGS

**COME NOW** the Plaintiffs and Defendants jointly, by and through their respective undersigned counsel of record, and pursuant to Rule 16 of the Federal Rules of Civil Procedure move this Honorable Court to extend the deadline to file amendments to the pleadings in this matter.  As grounds for this joint motion, the parties jointly state the following:

1. On March 6, 2019, the Court entered its Uniform Scheduling Order (Doc. 23) setting trial and pre-trial dates, along with other various deadlines, including the deadline to file amendments to the pleadings in this civil action.

2. Counsel for the parties conducted telephone conferences and agreed upon a depositions schedule, acknowledging the difficulties inherent in scheduling for six (6) plaintiffs, seven (7) defendants, and nine (9) attorneys while also taking into consideration the volume of expected depositions.

3. Having received notice of appointment to serve as Circuit Judge for Alabama's Fifteenth Judicial Circuit, the Honorable Holbrooke E. Reid (then counsel for Defendant John Strycker) on May 2, 2019, advised that she would be withdrawing representation in this

matter and informed all counsel of the unavailability of her law partners who would subsequently take over representing Defendant Strycker in this case during the initial week set for the plaintiffs' depositions.

4. On May 20, 2019, the Honorable Brooke E. Reid filed a motion to withdraw as counsel of record for Defendant Strycker. (Doc. 27). The motion was granted on May 20, 2019. (Doc. 28)

5. On Friday, May 24, 2019, counsel for the parties convened a telephone conference to discuss the necessity for a revised depositions schedule and the necessity for an extension of the deadline to file amendments to the pleadings.

6. While several deposition settings have been agreed upon, counsel realize that additional depositions will likely be noticed and taken. Counsel also realize that dates have not been reserved for the totality of the depositions allowed in this case.

7. Thus, the parties agree that the August 30, 2019 deadline to amend pleadings as established in the Uniform Scheduling Order should be extended to October 11, 2019.

8. The parties therefore (a) have timely discussed the matter; and (b) based on that contact, agree to the instant extension request; (b) thus, jointly moving for an extension of time to amend the pleadings.

**RESPECTFULLY SUBMITTED** on the 28th day of May 2019.

| /s/ Fred D. Gray, Jr. | /s/ Stanley F. Gray |
|---|---|
| **FRED D. GRAY, JR. (GRA044)** | **STANLEY F. GRAY (GRA053)** |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| Gray Langford Sapp McGowan Gray | Gray Langford Sapp McGowan Gray |
| Gray & Nathanson | Gray & Nathanson |
| P.O. Box 830239 | P.O. Box 830239 |
| Tuskegee, AL 36083-0239 | Tuskegee, AL 36083-0239 |
| Telephone: (334) 727-4830 | Telephone: (334) 727-4830 |
| Email: fgrayjr@glsmgn.com | Email: sgray@glsmgn.com |

/s/ J. Carlton Sims, Jr.
**J. CARLTON SIMS, JR. (SIM091)**
*Counsel for Plaintiffs*
P.O. Box 373
Montgomery, AL 36101-0373
Telephone: (334) 328-2294
Email: jcsimslegal@gmail.com

/s/ Monica L. Arrington
**MONICA L. ARRINGTON (ARR003)**
*Counsel for Plaintiffs*
Arrington & Arrington
P.O. Box 250091
Montgomery, Alabama 36125
Phone: (334) 270-2007
Email: arringtonmon@aol.com

/s/James R. Seale
**JAMES R. SEALE, ESQ.**
Counsel for Butler County Board of Education
HILL, HILL, CARTER, FRANCO, COLE
 & BLACK, PC
Post Office Box 116
Montgomery, Alabama 36101-0116
Phone: (334) 834-7600
Email: jrs@hillhillcarter.com

/s/ Allison Alford Ingram
**ALLISON ALFORD INGRAM, ESQ.**
Counsel for John Strycker
BALL, BALL, MATTHEWS & NOVOK, P.A.
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
Email: ALA@ball-ballc.om

/s/ Victoria D. Relf
**VICTORIA D. RELF (REL004)**
*Counsel for Plaintiffs*
Alabama Education Association
P.O. Box 4177
Montgomery, AL  36103-4177
Telephone: (334) 834-9790
Email: victoria.relf@alaedu.org

/s/ Charles E. Calloway
**CHARLES E. CALLOWAY (CAL031)**
*Counsel for Plaintiffs*
P.O. Box 230044
Montgomery, Alabama 36123
Phone: (334) 603-1230
Email: charlescallowayattorneyatlaw@gmail.com

/s/John Marsh
**JOHN MARSH, ESQ.**
Counsel for John Strycker
BALL, BALL, MATTHEWS & NOVOK, P.A.
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, Alabama 36102-2148
Phone: (334) 387-7680
Email:jmarsh@ball-ball.com

/s/Lewis S. ("Pete") Hamilton
**LEWIS S. ("PETE") HAMILTON, ESQ.**
Counsel for Butler County Board of Education
Powell & Hamilton
505 E Commerce St.
Greenville, Alabama 36037
Phone: (334) 382-3372
Email:pete@powellandhamilton.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019 I have served a copy of the foregoing upon all counsel of record appearing in this cause via CM/ECF electronic transmission and/or by placing the same in the U.S. Mail, postage prepaid.

/s/ Fred. D. Gray, Jr.
**OF COUNSEL**

**30**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOSEPH WEST, et al.,            )
                                )
        Plaintiffs,             )
                                )        CIVIL ACTION NO.
    v.                          )        2:18cv1061-MHT
                                )
BUTLER COUNTY BOARD OF          )
EDUCATION, et al.,              )
                                )
        Defendants.             )

## ORDER

It is ORDERED as follows:

(1) The joint motion to extend the deadline to file amendments to the pleadings (doc. no. 29) is granted.

(2) The uniform scheduling order (doc. no. 23) is modified in the following respect only: the deadline for amendments to the pleadings is extended from August 30, 2019, to October 11, 2019.

DONE, this the 29th day of May, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

45

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOSEPH WEST, et. al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No.:**   **2:18-CV-1061-MHT-SRW** |
| | ) |
| **BUTLER COUNTY BOARD OF** | ) |
| **EDUCATION, et. al,** | ) |
| | ) |
| **Defendants.** | ) |

**UNOPPOSED AND JOINT MOTION TO CONTINUE TRIAL AND**
**ENTER NEW UNIFORM SCHEDULING ORDER**

COME NOW, all parties to the above-styled cause, by and through their counsel of record, and respectfully move the Court to continue the August 24, 2020 trial of this matter to the December 7, 2020 term and enter a new uniform scheduling order, specifically providing new dates for amendments to pleadings, discovery completion, dispositive motions and for the face-to-face settlement conference. In support thereof, the parties would represent to this Honorable Court as follows:

1.      Pursuant to the Uniform Scheduling Order entered in this matter (Doc. 23), this matter is set for trial during the term commencing August 24, 2020. Per that Order, the operative discovery cutoff is December 20, 2019 and the dispositive motion deadline is January 17, 2020.

2.      Upon entry of the scheduling order, the parties set about conducting written discovery and can advise the Court that it is on-going.

3.      The parties recently met both in-person and via telephone conference call to discuss the remaining discovery to be completed, which primarily consists of party and fact witness depositions. The parties also discussed the volume of dispositive motions,

responses and replies that might be necessary given the number of parties and claims asserted. Lastly, the parties discussed and agreed that the anticipated length of trial would be 7-10 days as opposed to 3-4 days.

4.     As the Court is well aware, there are six (6) party plaintiffs and seven (7) party defendants in this matter. There are ten (10) attorneys who have appeared as counsel of record. The parties have found it difficult to coordinate schedules such that all parties and attorneys can be present at deposition(s).

5.     A lengthy conference call was held on September 11, 2019 wherein all party attorneys participated and discussed available dates for depositions. The parties agreed that all necessary depositions could not be completed by the current discovery deadline of December 20, 2019.

6.     The parties, in anticipating a continuance and extension of deadlines, exchanged available deposition dates through January 2020.

7.     The parties jointly and unanimously agree that a continuance of the trial date and extension of the pleading amendment, discovery, dispositive motion and face-to-face settlement conference deadlines are necessary in order to adequately prepare the case to be briefed for the Court and ultimately tried.

8.     As such, the parties respectfully request the Court to continue the trial of this matter from the August 24, 2020 term to the term commencing December 7, 2020 and to enter a new scheduling order specifically providing new and extended deadlines for 1) Amendments to Pleadings; 2) Discovery Completion; 3) Dispositive Motions, and; 4) Face-to-Face Settlement Conference.

WHEREFORE, These Premises Considered, the parties hereto respectfully request the Court to continue the trial of the matter and enter a new uniform scheduling order to govern the proceedings.

2

THE UNDERSIGNED CERTIFIES THAT HE HAS FILED THIS UNOPPOSED AND JOINT MOTION WITH PERMISSION OF ALL PARTY COUNSEL.

Submitted this the 16th day of September, 2019.

BUTLER COUNTY BOARD OF EDUCATION, LINDA HAMILTON, MICKEY JONES, MICHAEL NIMMER, LOIS ROBINSON, and BRANDON SELLERS, *Defendants*,

By: /s/ *James R. Seale*

James R. Seale (SEA006)
HILL, HILL, CARTER
  FRANCO, COLE & BLACK, PC
Post Office Box 116
Montgomery, Alabama 36101-0116
334.834.7600 – telephone
334.263.5969 – fax
jrs@hillhillcarter.com
Counsel for Defendants

OF COUNSEL:
Lewis S. ("Pete") Hamilton
POWELL & HAMILTON
505 E Commerce St
Greenville, AL 36037
334.382.3372
pete@powellandhamilton.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the foregoing document upon all counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid this the 16th day of September, 2019.

/s/ *James R. Seale*

OF COUNSEL

3

48

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOSEPH WEST, et. al,             ) | |
|             ) | |
|      Plaintiffs,    ) | |
|             ) | |
| v.                 ) | Case No.:    2:18-CV-1061-MHT-SRW |
|             ) | |
| BUTLER COUNTY BOARD OF  ) | |
| EDUCATION, et. al,       ) | |
|             ) | |
|      Defendants.  ) | |

**DEFENDANTS' SUPPLEMENT TO MOTION TO CONTINUE TRIAL AND
ENTER NEW UNIFORM SCHEDULING ORDER**

COME NOW, all party Defendants in the above-styled cause, by and through their counsel of record, and offer this supplement in support of the Joint Motion to Continue Trial and Enter New Uniform Scheduling Order (Doc. 45) by adding the following as additional grounds for a continuance:

1.     Presently before the Court is an unopposed and joint motion (Doc. 45) to continue the current trial date and enter a new uniform scheduling order. This supplement is filed solely on behalf of Defendants.

2.     On September 16, 2019, Defendant Superintendent John Strycker ("Strycker") was hired and executed a contract to become the Superintendent of the Jackson County, Mississippi School District ("JCSD"), effective January 1, 2020.

3.     The 2019/2020 school year for JCSD begins the first week of August with teacher in-serve followed by the return of students. The beginning of a new school year is a busy and difficult time for all school districts and particularly trying for a new superintendent.

4.      The Butler County School System will also experience similar difficulties with a new superintendent following the departure of Superintendent Strycker.

5.      The present jury term of August 24, 2020 will make it difficult for Superintendent Strycker and the Board to prepare for trial and devote the necessary time and energy for a seven to ten-day trial.

6.      The departure of Defendant Strycker is an unforeseen event which makes proceeding with an August 24, 2020 trial date most problematic.

WHEREFORE, These Premises Considered, the party Defendants adopt and incorporate all reasons previously articulated for continuance as set forth in Doc. 45 and respectfully request the trial of this cause to be continued from the August 24, 2020 docket to the December 7, 2020 docket.


Submitted this the 17th day of September, 2019.

> BUTLER COUNTY BOARD OF EDUCATION,
> LINDA HAMILTON, MICKEY JONES,
> MICHAEL NIMMER, LOIS ROBINSON, and
> BRANDON SELLERS, *Defendants*,
>
>
> By: /s/ *James R. Seale*
>
> James R. Seale (SEA006)
> HILL, HILL, CARTER
>    FRANCO, COLE & BLACK, PC
> Post Office Box 116
> Montgomery, Alabama 36101-0116
> 334.834.7600 – telephone
> 334.263.5969 – fax
> jrs@hillhillcarter.com
> Counsel for Defendants

OF COUNSEL:
Lewis S. ("Pete") Hamilton
POWELL & HAMILTON
505 E Commerce St
Greenville, AL 36037
334.382.3372
pete@powellandhamilton.com

2

JOHN STRYKER, *Defendant*,

By: /s/ *John W. Marsh*

     John W. Marsh
     BALL, BALL, MATTHEWS & NOVAK, PA
     445 Dexter Avenue, Suite 9045
     Post Office Box 2148
     Montgomery, AL 36102-2148
     bemfinger@ball-ball.com
     (334) 387-2889 – telephone
     (334) 387-3222 – fax
     jmarsh@ball-ball.com
     Counsel for Defendant Strycker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing document upon all counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid this the 17th day of September, 2019.

/s/ *James R. Seale*

OF COUNSEL

53

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSEPH WEST, et al.,          )
                              )
      Plaintiffs,             )
                              )    CIVIL ACTION NO.
      v.                      )    2:18cv1061-MHT
                              )
BUTLER COUNTY BOARD OF        )
EDUCATION, et al.,            )
                              )
      Defendants.             )
```

### ORDER

It is ORDERED as follows:

(1) The joint motion to continue trial and enter a new uniform scheduling order (doc. no. 45) and the supplemental motion (doc. no. 48) are granted.

(2) The uniform scheduling order (doc. no. 23) is modified in the following respects:

(A) The pretrial is reset from July 16, 2020, to October 29, 2020, and the trial is reset from August 24, 2020, to the term of court beginning on December 7, 2020, at 10:00 a.m., with all unexpired deadlines expressly tied to these two dates adjusted accordingly.

(B)   The   deadline   for   filing   dispositive   and Daubert motions is reset from January 17, 2020, to May 1, 2020.

(C)   The deadlines for completing discovery and for the parties' settlement conference are reset from December 20, 2019, to April 3, 2020.

(D)   The   deadline   for   amended   pleadings   and adding parties are reset from October 11, 2019, to December 17, 2019.

(E)   All other deadlines are unchanged.

DONE, this the 2nd day of October, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

55

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH WEST; MARGARET WEST; REGINA       :
M. BENNETT; WILLIE THORNTON; LENICKI     :
MOORE; and SHAWNDA BELL,                  :
                                          :
    *Plaintiffs*,                          :
                                          :
-vs-                                      :    Case No. 2:18-cv-1061-MHT-JTA
                                          :
BUTLER COUNTY BOARD OF EDUCATION, *et*    :
*al.*,                                    :
                                          :
    *Defendants*.                          :

## EMERGENCY MOTION FOR PROTECTIVE ORDER[1]

COMES NOW Defendant John Strycker ("Dr. Strycker"), by and through undersigned counsel of

record, pursuant to FRCP 26(c)(1)(B) and (C) and respectfully moves the Court to enter a protective

order:

    (1)  Requiring plaintiffs to take the remaining deposition(s) of Dr. Strycker during those days

        previously noticed, *i.e.*, November 18-21, and;

    (2)  Prohibiting plaintiffs from conducting Dr. Strycker's remaining deposition(s) on dates

        other than those previously agreed to, *i.e.*, November 18-21, 2019.

Alternatively, should Dr. Strycker be required to sit for his remaining four (4) depositions after

December 31, 2019, when he will no longer be a resident of the State of Alabama[2], Dr. Strycker

respectfully moves the Court to enter a protective order:

    (3)  Reducing the amount of time each remaining plaintiff has to depose Dr. Strycker from 7

        hours each to 3.5 hours each and, requiring plaintiffs to complete the remaining

---

[1] Defendant has titled this motion as an "Emergency" motion because part of the relief sought would encompass days in the current calendar week, *i.e.*, November 18-22, 2019.

[2] Dr. Strycker is moving to Mississippi on or about December 19, 2019.

depositions over a two (2) day period at a mutually agreeable time and location in Vancleave, Mississippi, so as to avoid unnecessary disruption to the job duties of the superintendent of a new school system. Should the Court be inclined to grant this alternative relief, Dr. Strycker requests the court to enter an order directing that plaintiffs be responsible for bearing all costs and expenses, including attorneys' fees and prohibiting plaintiffs from seeking any costs, expenses and/or attorneys' fees associated with preparing for, traveling to/from, and/or conducting the remaining depositions of Dr. Strycker, should they ultimately prevail on the merits.

As grounds for this requested relief, Defendant would show unto the Court as follows:

1. Following a conference call among all party counsel to discuss available dates for conducting depositions, the week of November 18-22 was agreed upon as convenient for all parties[3].

2. On October 18, 2019, plaintiffs noticed the remaining deposition(s) of Dr. Strycker for November 18, 19, 20, and 21, 2019.[4] (See Attached Exhibits "1-A", "1-C", "1-E", and "1-G").

3. On October 25, 2019, counsel for Defendant Butler County Board of Education ("BCBOE") cross-noticed Dr. Strycker's deposition(s) for the same dates. (See Attached Exhibits "1-B", "1-D", "1-F", and "1-H").

4. Shortly thereafter, undersigned counsel for Dr. Strycker spoke with Hon. Victoria Relf, one of plaintiffs' six (6) attorneys, regarding the timing and order of the remaining party depositions. During that conversation, Mrs. Relf expressed plaintiffs' desire and intention to complete Dr. Strycker's

---

[3] It is important to note that this case involves six (6) party plaintiffs, six (6) plaintiff attorneys, seven (7) party defendants and five (5) defense attorneys. It is extremely difficult to find blocks of time convenient for all party and attorney calendars.

[4] Pursuant to the Court's Order, Doc. 39, Dr. Stycker is required to sit for a deposition for each of the party plaintiffs for a period of up to seven (7) hours per deposition. He has already been deposed on behalf of party plaintiffs Joseph West and Margaret West.

deposition(s) during the week beginning November 18th, because he had accepted a new superintendent's position in the state of Mississippi and would be transitioning out of Butler County.

5.     On or about November 7, 2019, undersigned counsel for Dr. Strycker received a phone call from BCBOE counsel James R. ("Spud") Seale regarding a conversation that he had with Hon. Victoria Relf regarding a conflict with her husband's ALEA State Trooper graduation. Mr. Seale asked if Dr. Strycker would be able to switch deposition date(s) with party plaintiff deposition(s), which were noticed for mid-December 2019.

6.     Later that same day, counsel for Dr. Strycker advised that Dr. Strycker would be unable to accommodate the request based on having worked his schedule around operating and/or transitioning between two school systems and moving his family to a new state. He further advised that Dr. Strycker was unavailable for any dates other than those currently noticed, *i.e.*, November 18-21, during calendar year 2019.

7.     On November 12, 2019, without any prior notice and/or communication with counsel for Dr. Strycker, Hon. Charles Calloway, another of the six (6) plaintiffs' counsel, sent an email to all party counsel purporting to cancel Dr. Strycker's deposition(s) (See Attached Exhibit "1-O"). A second email from Mr. Calloway followed immediately thereafter attaching purported amended deposition notices duces tecum, unilaterally selecting dates not previously discussed as convenient among all party counsel. (See Attached Exhibit "1-P").

8.     Shortly after receiving the above-referenced email, undersigned counsel advised plaintiffs' counsel that Dr. Stycker's deposition(s) could not take place during the new proposed dates, reminded plaintiffs' counsel that the BCBOE had cross-noticed Dr. Strycker's deposition(s) for the previously agreed-to dates, and advised plaintiffs' counsel that Dr. Strycker would be sitting for his depositions as previously noticed. (See Attached Exhibit "1-Q").

3

9.      On November 15, 2019, Hon. Fred Gray, another of the six (6) plaintiffs' counsel, sent a letter via email, advising for the very first time that plaintiffs' counsel had "unavoidable conflicts" with the week of depositions that had been agreed to and noticed for approximately one month. Mr. Gray's letter did not articulate and/or explain the nature of the "unavoidable conflicts" of any of the six plaintiffs' attorneys which might necessitate the cancellation and/or rescheduling of Dr. Strycker's deposition(s). (See Attached Exhibit "1-V").

10.     That same evening, counsel for Dr. Strycker advised plaintiffs' counsel that Mr. Gray's letter was the very first communication he had received regarding any alleged "unavoidable conflicts" and inquiring as to why none of the six (6) plaintiff attorneys attempted to contact him, the deponent's counsel of record, to discuss any potential issues with the noticed depositions. Undersigned counsel again reminded plaintiffs' counsel that the BCBOE had cross-noticed the depositions and that Dr. Strycker would be present for and would indeed sit for his deposition(s) as noticed, beginning November 18, 2019. Lastly, counsel for Dr. Strycker advised plaintiffs' counsel of defendants' intention to memorialize the unfortunate course of events regarding plaintiffs' attempts to unilaterally cancel and/or reschedule Dr. Strycker's deposition(s) at the eleventh hour and advised that a member of plaintiffs' counsel team should plan to attend if any rebuttal or objection by plaintiffs was desired. (See Attached Exhibit "1-W").

11.     On November 18, 2019, Dr. Strycker appeared for his deposition as noticed and cross-noticed and was prepared to offer testimony under oath in accordance with the Federal Rules of Civil Procedure.

12.     Despite being made aware of Dr. Strycker's position and intention to memorialize the course of events regarding his deposition(s), and despite the fact that Dr. Strcyker's deposition had been cross-noticed by another party, none of the six plaintiffs' attorneys appeared at the proceeding to

4

depose Dr. Strycker or offer an objection pursuant to FRCP 30(c)(2). (See Attached Exhibit "1"-Statement of Counsel).

      13.     At the time plaintiffs noticed Dr. Strycker's deposition for the week beginning November 18, 2019, they were already aware that he had accepted a new superintendent position in the State of Mississippi and would be leaving Butler County.

      14.     Upon receiving notice of the dates for his remaining depositions, Dr. Strycker set about organizing and revolving his remaining 2019 schedule around these depositions, while essentially managing two school systems in two different states. (See Attached Exhibit "2"- Affidavit of Dr. John Strycker").

      15.     He is also balancing his professional and legal obligations against the logistics of moving a family to Mississippi. (See Exhibit "2"). He is working 10-12 hour days, six to seven days a week and will be working up to and through the Christmas holidays. *Id.*

      16.     For approximately one (1) month, Dr. Strycker has planned upon his deposition being taken the week beginning November 18, 2019. He relied upon those notices issued by plaintiffs' counsel and believed their contention(s) that they desired to complete his deposition(s) prior to his departure from Butler County. He has rescheduled and foregone important meetings and other transition functions designed to facilitate a smooth transition between two (2) school systems with over 13,000 combined students.

      17.     Aside from the days currently scheduled, November 18-21, 2019, he has no additional time in calendar year 2019 to devote to sitting for four (4) depositions. He reasonably believes that he will not have any time to devote to depositions during the first two months of his tenure with his new school system in Mississippi. (See Exhibit "2").

5

18.     Prior to filing this motion, undersigned counsel spoke with Hon. Fred Gray, Jr., regarding

the above-referenced events surrounding Dr. Strycker's deposition and discussed potential resolution.

The parties are at an impasse and no agreement could be reached.

## ARGUMENT

Pursuant to *FRCP* 26(c)(1), a party from whom discovery is sought may move the Court for a

protective order when, upon a showing of good cause, he requires protection from discovery that is

annoying, embarrassing or unduly burdensome or expensive. Among other relief, a Court may forbid

the discovery sought, specify the terms of discovery or may prescribe a discovery method other than

one presently selected. *See gen. FRCP 26(c)(1)(A)-(C).*

In the case at bar, good cause exists for the entry of a protective order because in the absence

of such, Dr. Strycker, a party defendant, would be subject to undue burden and oppression in having to

sit for four (4) days of depositions after already working his personal and professional schedules around

dates previously selected and noticed by the six (6) plaintiff attorneys in this case. He has relied upon

these dates and is sitting for these depositions amid transitioning to a new superintendent's position in

another state. As articulated above, none of the six plaintiff attorneys ever contacted counsel for Dr.

Strycker regarding any need to cancel or reschedule his noticed depositions(s) or address any

"unavoidable conflicts" among any/all plaintiff counsel that had arisen during the month leading up to

his scheduled deposition(s). Dr. Strycker submits that this cancellation at the eleventh hour was only

carried out to impose delay and to harass a party defendant whom plaintiffs knew to be in the throws of

a stressful job transition. The notion that all six (6) plaintiff attorneys suddenly developed "unavoidable

conflicts" preventing each of them from attending and conducting Dr. Strycker's deposition as noticed is

unfathomable, especially in light of the fact that the initial request---relayed through counsel for the

BCBOE---was to *switch* deposition dates among certain parties. There was never any indication, direct

6

or otherwise, that the previously scheduled dates were somehow no longer viable for all six (6) attorneys for each of the four (4) days noticed.

In moving the Court to enter a protective order, Dr. Strycker is not seeking to prohibit the party plaintiffs from obtaining his deposition---indeed, they are entitled to it. Rather, given the circumstances outlined above, he is seeking a limitation as to when, where and how the remaining deposition(s) may be conducted and is seeking a directive from the Court that plaintiffs be responsible for any/all costs and expenses, including attorney fees, incurred in preparing for, travelling to/from and conducting the remaining depositions of Dr. Strycker. He is further asking the Court to preclude plaintiffs from seeking any such costs, expenses or attorney fees in connection with his remaining deposition(s) should they ultimately prevail at trial. Such is reasonable under the circumstances at bar.

Plaintiffs are represented by six (6) attorneys, any combination of whom could have conducted and/or covered the remaining deposition(s) of Dr. Strycker as noticed by plaintiffs themselves. Moreover, as another party cross-noticed Dr. Strycker's deposition, he was present for his deposition as noticed on November 18, 2019. Despite being made aware on multiple occasions of undersigned counsel's plan to memorialize the events made part of this motion on the record on November 18, 2019, none of the six (6) plaintiff attorneys appeared to cross-examine Dr. Strycker or place an objection on the record as prescribed by *FRCP* 30 (c)(2).

Requiring Dr. Strycker to sit for additional depositions under the present circumstances would be unnecessarily duplicative and unduly burdensome and oppressive on both his personal and professional schedule(s). The eleventh hour unilateral cancellation was only carried out to harass and annoy a party litigant in a case that is taxing on all parties and counsel.

**WHEREFORE**, the foregoing premises considered, Defendant Dr. John Strycker respectfully moves the Court for a protective order:

7

(1) Requiring plaintiffs to take the remaining deposition(s) of Dr. Strycker for those days previously noticed, *i.e.*, November 18-21, and;

(2) Prohibiting plaintiffs from conducting Dr. Strycker's remaining deposition(s) on dates other than those previously agreed to, *i.e.*, November 18-21, 2019.

Alternatively, should Dr. Strycker be required to sit for his remaining four (4) depositions after December 31, 2019, when he will no longer be a resident of the State of Alabama , Dr. Strycker respectfully moves the Court to enter a protective order:

(3) Reducing the amount of time each remaining plaintiff has to depose Dr. Strycker from 7 hours each to 3.5 hours each and, requiring plaintiffs to complete the remaining depositions over a two (2) day period at a mutually agreeable time and location in Vancleave, Mississippi, so as to avoid unnecessary disruption to the job duties of the superintendent of a new school system. Should the Court be inclined to grant this alternative relief, Dr. Strycker requests the court to enter an order directing that plaintiffs be responsible for bearing all costs and expenses, including attorneys' fees and prohibiting plaintiffs from seeking any costs, expenses and/or attorneys' fees associated with preparing for, traveling to/from, and/or conducting the remaining depositions of Dr. Strycker, should they ultimately prevail on the merits.

RESPECTFULLY SUBMITTED this the 18th day of November, 2019.

8

**JOHN STRYCKER**, *Defendant*,

By: /s/ John W. Marsh

John W. Marsh
BALL, BALL, MATTHEWS & NOVAK, PA
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, AL 36102-2148
bemfinger@ball-ball.com
(334) 387-2889 – telephone
(334) 387-3222 – fax
jmarsh@ball-ball.com
*Counsel for Defendant Strycker*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Emergency Motion for Protective Order* with Clerk of the Court for the United States District Court, for the Middle District of Alabama which will automatically notify:

Stanley F. Gray, Esquire
GRAY LANGFORD SAPP MCGOWAN
  GRAY GRAY & NATHANSON
Post Office Box 830239
Tuskegee, AL 36083-0239
sgray@glsmgn.com

Fred D. Gray, Jr., Esquire
GRAY LANGFORD SAPP MCGOWAN
  GRAY GRAY & NATHANSON
Post Office Box 830239
Tuskegee, AL 36083-0239
fgrayjr@glsmgn.com

Victoria D. Relf, Esquire
Litigation Staff Attorney
ALABAMA EDUCATION ASSOCIATION
Post Office Box 4177
Montgomery, AL 36103-4177
victoria.relf@alaedu.org

Monica L. Arrington, Esquire
ARRINGTON & ARRINGTON
2501 Bell Road
Montgomery, AL 36117
arringtonmon@aol.com

J. Carlton Sims, Jr., Esquire
Post Office Box 373
Montgomery, AL 36101-0373
jcsimslegal@gmail.com

Charles E. Calloway, Esquire
Post Office Box 230044
Montgomery, AL 36123
charlescallowayattorneyatlaw@gmail.com

James R. Seale
HILL, HILL, CARTER
 FRANCO, COLE & BLACK, PC
Post Office Box 116
Montgomery, Alabama 36101-0116
334.834.7600 – telephone
334.263.5969 – fax
jrs@hillhillcarter.com

Lewis S. ("Pete") Hamilton
POWELL & HAMILTON
505 E Commerce St
Greenville, AL 36037
334.382.3372
pete@powellandhamilton.com

Alicia F. Bennett
HILL, HILL, CARTER
 FRANCO, COLE & BLACK, PC
Post Office Box 116
Montgomery, Alabama 36101-0116
334.834.7600 – telephone
334.263.5969 – fax
abennett@hillhillcarter.com

November 18, 2019.

/s/ John W. Marsh

56

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH WEST, *et al.*,              )
                                    )
            Plaintiffs,             )
                                    )       Case No. 2:18-cv-1061-MHT-JTA
v.                                  )
                                    )
BUTLER COUNTY BOARD OF              )
EDUCATION, *et al.*,                )
                                    )
            Defendants.             )
                                    )

## ORDER

This matter is before the court on Defendant John Strycker's "Emergency Motion for Protective Order." Doc. No. 55. Upon consideration, it is hereby

ORDERED that, **on or before November 20, 2019**, Plaintiffs shall file a written response to show cause why the motion should not be granted. Defendant Strycker may file a reply **on or before November 21, 2019**.

DONE, this the 19th day of November, 2019.

/s/Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

57

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH WEST, *et al.*,              )
                                    )
              Plaintiffs,           )
                                    )        Case No. 2:18-cv-1061-MHT-JTA
v.                                  )
                                    )
BUTLER COUNTY BOARD OF              )
EDUCATION, *et al.*,                )
                                    )
              Defendants.           )
                                    )

## **ORDER**

This matter is before the court on Defendants' Request for Plaintiffs' Counsel to Report Attorneys' Fees and Expenses on Behalf of Each Party Plaintiff. Doc. No. 54. Upon consideration, it is hereby

ORDERED that, **on or before December 3, 2019,** Plaintiffs shall file a written response to show cause why the motion should not be granted. Defendants may file a reply **on or before December 10, 2019**.

DONE, this the 19th day of November, 2019.

/s/Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE