APPEAL NO. 23-10186-A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

REGINA M. BENNETT,
PLAINTIFF/APPELLANT

v.

BUTLER COUNTY BOARD OF EDUCATION, ET AL.,
DEFENDANTS/APPELLEES

On Appeal from the United States District Court
For the Middle District of Alabama
Case No.: 2:18-cv-1061-RAH-JTA

REPLY BRIEF OF THE APPELLANT

Fred D. Gray, Jr.
GRAY, LANGFORD, SAPP, MCGOWAN,
  GRAY, GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083
(334)727-4830 Telephone
(334)727-5877 Facsimile
fgrajr@glsmgn.com

J. Carlton Sims, Jr.
Post Office Box 373
LAW OFFICE OF
  J. CARLTON SIMS, JR.
Post Office Box 373
Montgomery, Alabama 36101
(334)328-2294 Telephone
jcsimslegal@gmail.com

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to *Federal Rules of Appellate Procedure* 26.1 and Eleventh Circuit Rules 26.21. 26.2 and 26.3, Plaintiff-Appellant, Regina M. Bennett submits the following list of persons and entities known to her to have in interest in the outcome of the appeal:

Adams, Hon. Jerusha T.

Alabama Education Association

Alabama Trust for Boards of Education

Arrington, Monica

Baldwin, Anna M.

Ball, Ball, Mathews & Novak, P.A.

Bell, Shawnda

Bennett, Alicia

Brown, LeNicki

Butler County Board of Education

Calderon, Tovah R.

Calloway, Charles

Clarke, Kristen

Educators Liability Trust Fund

Eiland, Joe

USCA11 Case: 23-10186    Document: 48    Date Filed: 08/28/2023    Page: 3 of 25

Goldstein, Jennifer S.

Gray, Jr., Fred D.

Gray, Stanley F.

Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C.

Hamilton, Lewis S.

Hamilton, Linda

Hill, Hill, Carter, Franco, Cole & Black PC

Huffaker, Jr., Hon. R. Austin

Ingram, Allison

Jones, Mickey

Marsh, John

Nimmer, Michael

Reams, Gwendolyn Young

Relf, Victoria

Robinson, Lois

Seale, James R.

Sellers, Brandon

Sims, Jr., James C.

Smith, Dana S.

Strycker, John

West, Joseph

West, Margaret

Winkelman, Steven

/ s / Fred D. Gray, Jr.
**OF COUNSEL**

# TABLE OF CONTENTS

Statement of Interested Persons and Corporate Disclosure Statement. . ...............i

Table of Contents......................................................................................iv

Table of Authorities..................................................................................vi

ARGUMENT..............................................................................................1

I.    THE DISTRICT COURT ABUSED ITS DISCRETION AND COMMITTED ERROR WHEN IT DENIED THE PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

      A.    The District Court abused its discretion when it denied Plaintiffs' Motion for Leave to Amend as untimely pursuant to the Scheduling Order entered by the Court.

      B.    The District Court's denial of Plaintiffs' Motion for Leave to Amend is manifestly unjust.

      C.    The District Court Abused Its Discretion and Committed Error when it denied Plaintiffs' Motion for Leave to Amend Opining The Plaintiffs Unduly Delayed In Filing The Amendment and Defendants Would Have Been Prejudiced.

II.   THE DISTRICT COURT INCORRECTLY HELD THAT PLAINTIFF, REGINA BENNETT, DID NOT SUFFER AN ADVERSE EMPLOYMENT ACTION

III.  THE APPELLANT HAS SATISFIED A PRIMA FACIA CASE OF DISCRIMINATION

      A.    The Appellant Was Replaced with Discriminatory Animus as Part of a Larger Discriminatory Scheme.

      B.    Bennett Was Treated Less Favorably Than Similarly Situated Employees Outside of her Protected Class.

iv

CONCLUSION…………………………………………...............................12

CERTIFICATE OF COMPLIANCE…………………………………..............15

CERTIFICATE OF SERVICE……………………………………………….16

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Best Canvas Products and Supplies, Inc. v. Ploof Truck
Lines, Inc.,* 713 F.2d 618 (11th Cir. 1983)...............................................3

*Bryant v. Dupree,* 252 F.3d 1161, 1164 (11th Cir.2001)...............................6

*Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597
(5th Cir. 1981).............................................................................4

*Espey v. Wainwright,* 734 F.2d 748 (11th Cir. 1984)....................................3

*Forsyth v. City of Dallas,* 91 F.3d 769, 774 (5th Cir. 1996)............................8

*Furnco Construction Corp. v. Waters,* 438 I.S. 567 (1978)............................10

*Gowski v. Peake,* 682 F.3d 1299 (11th Cir. June 4, 2012)............................2,6

*Hinson v. Clinch Cty., Ga. Bd. Of Educ.,* 231 F.3d 821, 829
(11th Cir. 2000).............................................................................8

*Hoover v. Blue Cross & Blue Shield of Alabama,* 855 F.2d
1538, 1544 (11th Cir. 1988)...............................................................1

*International Bhd. of Teamsters v. United States,* 431 U.S. 324,
335 n. 15 (1977)............................................................................10

*Lewis v. City of Union City ("Lewis II"),* 934 F.3d 1169, 1185
(11th Cir. 2019).......................................................................11,12

*Lewis v. Sec'y of U.S. Air Force,* No. 20-12463 (11th Circ. 2022)....................12

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).............................9,10

*Pivirotto v. Innovative Systems Inc.,* 191 F.3d 344, 352-353
(3rd Cir. 1999)........................................................................9,11

*Shipner v. Easter Air Lines, Inc.,* 868 F.2d 401, 406-407 (11th Cir. 1989)...........4

*Silverman v. Bd. of Educ.,* 637 F.3d 729, 734 (7th Cir. 2011)...........................12

*Smith v. Georgia*, Case No.: 16-16848, 11th Cir., October 2, 2018.....................8

*Smith v. Lockheed-Martin Corp.,* 644 F.3d 1321, 1328 (11th Cir. 2011)............12

*Summit Med. Ctr. Of Ala., Inc. v. Riley,* 284 F.Supp.2d 1350,1355 (M.D. Ala. 2003)................................................................................5

*Tampa Bay Water v. HDR Eng'g, Inc.,* 731 F.3d 1171, 1186 (11th Cir. 2013)...............................................................................6

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981)........10

## **OTHER AUTHORITIES**

6 Federal Practice & Procedure Sec. 1485 at 421 (1971)..............................1

Fed.R.Civ.P. 15(a)...................................................................3

## ARGUMENT

I.  **The District Court Abused Its Discretion and Committed Error When It Denied The Plaintiffs' Motion To Amend The Complaint**

There is an overall liberal amendment policy of Fed.R.Civ.P. Rule 15(a)

and the general desirability of minimizing needless formalities.

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. However, some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change. **Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.** 6 Federal Practice & Procedure Sec. 1485 at 421 (1971) (footnotes omitted).

*Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir.

1988). (emphasis added)

The instant case involves a first amended complaint, and not a second

amended complaint, as in the case in *Hoover*; thus, the instant case is readily

distinguishable from the case at bar.  In *Hoover*, this Court stated that" the district

court acted properly in treating Hoover's supplemental pleading as a nullity,

particularly since it was inclined to deny any motion for leave to amend that

Hoover might have filed." *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d

1

1538, 1544 (11th Cir. 1988).

Certainly, the district court would not have held such an inclination to deny Plaintiffs' First Amended Complaint, as justice would require over such a simple misstep by the Plaintiffs.

The Plaintiff presented the separate theory of retaliatory hostile work environment based on the same or similar facts asserted in her retaliation claim. Defendants' attempt to claim prejudice based on the need for additional discovery in a matter that they state to be identical to the retaliation claim. Defendants thoroughly conducted written and deposition discovery based on Plaintiff's allegation. There would be no need for additional discovery. Defendants are attempting in this argument to *have their cake and eat it too*. Furthermore, as established in *Gowski v. Peake*, a plaintiff has the right to advance a recognized distinct theory of recovery fully heard on the merits. Complainant may establish that she was subject to retaliatory hostile work environment in her case based on overlapping facts. *Gowski v. Peake*, 682 F.3d 1299 (11th Cir. June 4, 2012).

Defendants assert that the Bennett should have amended her complaint in advance of the previous October 11, 2019, deadline. The district court issued the order (Doc. 53) to amend the Scheduling order on October 2, 2019. Common sense would suggest that the reset deadline would apply, especially to a first amended complaint. Defendants cite no law to establish that Plaintiff is bound by the prior

2

scheduling deadline under this circumstance.

    **A.**    **The District Court abused its discretion when it denied Plaintiffs' Motion for Leave to Amend as untimely pursuant to the Scheduling Order entered by the Court.**

    The district court revised the deadline for seeking to amend pleadings or add parties to December 17, 2019. (Doc. 53, p.2, ¶(2)(D)). The Plaintiffs filed their First Amended Complaint on December 17, 2019 (Doc. 67). The Plaintiffs did not file an accompanying motion seeking leave to file the First Amended Complaint. After being advised by the Clerk's office the next day (December 18, 2019) that a motion was necessary, The Plaintiffs filed a Motion for Leave to Amend the Complaint on that same day. (Doc. 69).

    A district court judge's discretion is not unfettered. The Eleventh Circuit has stated:

> Fed.R.Civ.P. 15(a) governs amendments to pleadings and provides that after a responsive pleading has been filed, subsequent amendments are permitted only with leave of the court. The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748 (11th Cir.1984); *Best Canvas Products and Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir.1983). Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires. *Espey* at 750. This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989).

In *Espey*, the Eleventh Circuit's decision further states:

> However, **"[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires."** *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, **"[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."** *Id.* at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). (emphasis added) (internal quotations omitted)

In this case, the Plaintiff timely filed the First Amended Complaint on December 17, 2019. (Doc. 67). While a motion seeking leave to file the First Amended Complaint did not accompany the motion, Plaintiffs immediately filed a Motion for Leave to Amend the Complaint (Doc. 69) to cure the deficiency upon being advised by the Clerk's office the next day of said deficiencyOn December 18, 2019, there seems to be no readily apparent nor discernible reason to suggest undue delay, bad faith or dilatory motive present in the Plaintiffs attempt to amend their complaint. Therefore, the Plaintiff continues to assert that the district court abused its discretion in not allowing Plaintiffs First Amended Complaint.

> **B.    The District Court's denial of Plaintiffs' Motion for Leave to Amend is manifestly unjust.**

4

On March 10, 2020, Plaintiffs filed a Motion to Reconsider Motion for Leave to Amend Complaint that included Plaintiffs' showing of good cause as to why leave to amend the complaint should be granted. (Doc. 96).

The parties agree that "[t]he good cause standard is no longer applicable when a motion for reconsideration is filed; instead, the Court must determine whether there is an intervening change in controlling law, the availability of new evidence, or the need to correct clear error **or manifest injustice**. (Doc. 120, p.8) (*quoting Summit Med. Ctr. Of Ala., Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003)" (Appellee's Brief at f. 5, p.14-15) (internal quotation omitted, bold emphasis added).

Plaintiff asserts that the order of the district court (Doc. 74) was manifestly unjust given her argument presented herein.

### C.    The District Court Abused Its Discretion and Committed Error in Denying Plaintiffs' Motion for Leave to Amend Opining The Plaintiffs Unduly Delayed In Filing The Amendment and Finding Defendants Would Have Been Prejudiced.

The Plaintiff disputes the district court's finding of undue delay which was the ground for denying Plaintiffs' leave to amend their complaint. While Plaintiffs knew of facts supporting the new claim before the requesting leave to amend, grant of the amendment would **not** further delay the proceedings.

The Eleventh Circuit has stated:

5

> The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint," *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir.2001) (per curiam), prejudice "is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery," 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15[2].

*Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013).

In the instant action, the Defendants have repeatedly stated "[a] comparison of the retaliation claim alleged in Count VIII of the Amended Complaint with the retaliation claim asserted in Count V of the original complaint reveals that they are identical, with the exception that the word "increased" has been added in paragraph 317." (Appellees Brief, Doc. 44, p.19).

The Plaintiff presented the separate theory of retaliatory hostile work environment based on the same or similar facts asserted in her retaliation claim. Defendants' attempt to claim prejudice based on the need for additional discovery in a matter that they state to be identical to the retaliation claim. Defendants thoroughly conducted written and deposition discovery based on Plaintiff's allegation. There would be no need for additional discovery. Defendants are attempting in this argument to *have their cake and eat it too*. Furthermore, as established in *Gowski*, Plaintiff has the right to advance a recognized distinct theory of recovery fully heard on the merits.

6

## II.    THE DISTRICT COURT INCORRECTLY HELD THAT PLAINTIFF, REGINA BENNETT, DID NOT SUFFER AN ADVERSE EMPLOYMENT ACTION.

The Defendants maintain that the Plaintiff suffered no loss in pay, benefits or the privileges of her employment as a result of her reassignment at W.O. Parmer Elementary School.  Here, the Defendants are attempting to confine the analysis narrowly to the W.O. Parmer Elementary School facility solely and ignore the totality of the Defendants' actions system wide in the Butler County School District which made the basis of the underlying multi-plaintiff lawsuit.

Between May 15, 2018 and December 12, 2018, Butler County Board of Education and Superintendent Strycker transferred and reassigned African-American employees in both guidance counselor and administrative positions, but failed to transfer or reassign any White guidance counselors and administrators who did not request transfer or reassignment. Doc. 1 at ¶28-¶32.

Those involuntary transfers were not done according to Board policy or procedure, but were executed arbitrarily and capriciously, which had a disproportionate impact on these African-American employees. Defendants claimed that the transfers were due to projected financial reasons and academics, but those claims were pretext to their actual discriminatory animus. There is no evidence that the involuntary transfers of these African-American guidance counselors and administrators financially benefitted the school system or were in its best interests.

7

Defendants treated Mrs. Bennett differently than similarly situated White employees when they reassigned her from guidance counselor to kindergarten teacher, a position which she had never held in her seventeen (17) years with Butler County School System and a position of lesser prestige and with much different responsibility than counselor. Defendants' actions effectuated a change in the terms and conditions of her employment.

The Eleventh Circuit has "recognized that a lateral transfer can be a demotion if it involves a reduction in . . . prestige or responsibility. *Hinson v. Clinch Cty., Ga. Bd. Of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000); see also *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996) (concluding that a lateral transfer to a position that was less prestigious, with less favorable working hours, and less interesting work was a demotion)." *Smith v. Georgia,* Case No.: 16-16848, 11th Cir., October 2, 2018 (internal quotations omitted).

Although the Plaintiff suffered no loss in pay or benefits, it should be clear to an objective observer that reassignment from guidance counselor after seventeen years of service to kindergarten teacher (a position that Plaintiff had never held) is a demotion and reduction in prestige and responsibility in the community. Plaintiff was a well-known and long-time counselor in the Butler County School System at the time of the demotion to the kindergarten position. Appellees correctly state Plaintiff earned her master's degree in Counseling from

Troy University Montgomery.

### III.    The Appellant has Satisfied a Prima Facia Case of Discrimination.

#### A.    The Appellant Was Replaced with Discriminatory Animus as Part of a Larger Discriminatory Scheme.

Plaintiff was reassigned within her school and was replaced by one of her co-plaintiffs, an African American female. Although the replacement was within the same protected class, the employment actions were taken in concert with discriminatory animus as part of a larger discriminatory scheme. To remove Bennett, a 17-year counselor from the counseling position and place her in a kindergarten classroom demonstrates pretext of racial animus. Removing the valuable counseling asset reduces to zero an asset and minimizes the school system's resources.

*Pivirotto v. Innovative Systems Inc.*, 191 F.3d 344, 352-353 (3rd Cir. 1999) is instructive in this factual situation. The Third Circuit explained the United States Supreme Court standard stating:

> In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a failure-to-hire case, the Supreme Court outlined the prima facie case that a plaintiff must establish, listing four elements: that plaintiff is a member of the protected class, that he was qualified for the position for which he applied, that he was not hired despite his qualifications, and that, "after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Id.* at 802.4 Immediately following this description of the prima facie case, the Court included this footnote: "The facts necessarily will vary in Title VII cases, and the specification above

9

of the prima facie proof required from [plaintiff] is not necessarily applicable in every respect to differing factual situations." *Id.* at 802 n.13. **Nowhere did the [Supreme] Court describe the fourth element as hiring of (or, by implication, replacement by) a person outside the plaintiff 's class.** If that were the case, in *McDonnell Douglas* itself, the fourth element would have been that the defendant hired a white person for the position, not that it continued to seek applicants for the applied-for position.

As the [Supreme] Court has often noted, a major purpose of the prima facie case is to eliminate the most obvious, lawful reasons for the defendant's action (i.e., the position that an applicant sought was not filled for economic reasons, the applicant was not qualified, no adverse action such as failure to hire or firing was actually taken, etc.). See, e.g., *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981) ("The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff 's rejection."). Earlier, in *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978), the Court explained the purpose of the prima facie case at length:

"The central focus of the inquiry in a case such as this is always whether the employer is treating "some people less favorably than others because of their race, color, religion, sex, or national origin." [ *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)]. **The method suggested in *McDonnell Douglas* for pursuing this inquiry, however, was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.** A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. [ See *Teamsters*, 431 U.S. at 358 n.44]. And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all

10

legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with some reason, based his decision on an impermissible consideration such as race."...

*Pivirotto v. Innovative Systems Inc.*, 191 F.3d 344, 352-353 (3rd Cir. 1999) (emphasis added).

**B.    Bennett Was Treated Less Favorably Than Similarly Situated Employees Outside of her Protected Class.**

As discussed supra, the Appellant was reassigned within her school and was replaced by one of her co-plaintiffs, an African American female. Although the Appellant's replacement was within the same protected class, the employment actions were taken with discriminatory animus as part of a larger discriminatory scheme.

In *Lewis v. Sec'y of U.S. Air Force,* No. 20-12463 (11th Cir. 2022), the Eleventh circuit addressed the "comparator" analysis.

> For a plaintiff to establish the fourth element of a prima facie case of discrimination-commonly known as the "comparator" analysis-the plaintiff must proffer a comparator employee that is "similarly situated in all material respects" to the plaintiff. *Id.* at 1226. This determination relies on the individuals' "substantive likenesses," and a comparator may be sufficiently similar if she has "engaged in the same basic conduct (or misconduct) as the plaintiff," was subject to the same employment policies as the plaintiff, had the same supervisor, and "share[d] the plaintiff's employment or disciplinary history." *Id.* at 1227-28.

**An employee's failure to provide a comparator, however,**

11

does not automatically doom her claim, as she can "survive summary judgment if [she] presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Lewis v. City of Union City* ("*Lewis II*"), 934 F.3d 1169, 1185 (11th Cir. 2019) (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)). This occurs when the employee "presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Smith*, 644 F.3d at 1328 (11th Cir. 2011) (footnote omitted) (quoting *Silverman v. Bd. of Educ.*, 637 F.3d 729, 734 (7th Cir. 2011)). **Such a mosaic may exist when the evidence shows "(1) suspicious timing, ambiguous statements . . ., and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual."** *Lewis II*, 934 F.3d at 1185 (alteration in original) (quoting *Silverman*, 637 F.3d at 733-34).

*Lewis v. Sec'y of U.S. Air Force*, No. 20-12463 (11th Cir. 2022) at 27-28 (emphasis added).


## CONCLUSION

This is a race discrimination employment case. On December 20, 2018, Six (6) plaintiffs collectively filed an action against Butler County Board of Education, its five (5) members, individually and in the official capacity as board members; and Superintendent John Strycker, individually and in the official capacity, for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); and for engaging in and condoning a continuing pattern and practice of race-based adverse employment actions against African-American employees of the Butler County Board of

12

Education.

The Appellant's First Amended Complaint was timely filed on December 17, 2019, and Plaintiffs' Motion for Leave to Amend was filed on December 18, 2019, in order to immediately cure a deficiency in the timely amended complaint filing. In Appellant's instant appeal it is clear that, as discussed above, there was no reasonable basis under law for the district court to deny the Plaintiffs' First Amended Complaint.

Regarding a cognizable adverse employment action against the Appellant, it is likewise clear that potentially Butler County School District engaged in alleged systematic acts and omissions in violation of Title VII where summary judgment is inappropriate at and determination of facts are only properly presented to a jury.

And, as discussed above, the Appellant has satisfied the requirements of a *prima facia* case of discrimination under Title VII. For the foregoing reasons, the judgment of the district court should be reversed.

Dated this 28th day of August, 2023.

Respectfully submitted,

/ s / Fred D. Gray, Jr.
Fred D. Gray, Jr.   (ASB-1993-Y65F)
J. Carlton Sims, Jr. (ASB-2020-S77S)

13

**OF COUNSEL:**

GRAY, LANGFORD, SAPP, MCGOWAN,
   GRAY, GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083
(334)727-4830 Telephone
(334)727-5877 Facsimile
fgrayjr@glsmgn.com


J. Carlton Sims, Jr.
LAW OFFICE OF J. CARLTON SIMS, JR.
Post Office Box 373
Montgomery, Alabama 36101
(334)328-2294 Telephone
jcsimslegal@gmail.com

14

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(b) because according to the word processing application used to create it, it contains 3655 words, excluding the parts of the brief exempted by Fed R. App. 32(a)(7)(b)(iii).

Dated this 28th day of August, 2023.

/ s / Fred D. Gray, Jr.
**Fred D. Gray, Jr.**
One of the Attorneys for Appellant

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed the foregoing using the court's CM/ECF electronic filing system which will automatically serve a true and correct copy upon the clerk of the court on this the 28th day of August, 2023; and by placing four (4) copies of the same in the United States Mail, with proper postage prepaid, on this the 28th day of August, 2023 to the following:

David J. Smith, Clerk
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

and by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 28th day of August, 2023 to counsel of record as follows:

**James R. Seale, Esq.**
HILL, HILL, CARTER, FRANCO, COLE & BLACK, PC
Post Office Box 116
Montgomery, Alabama 36101-0116

**Lewis S. ("Pete") Hamilton, Esq.**
POWELL & HAMILTON
505 E Commerce St.
Greenville, Alabama 36037

**Alicia F. Bennett, Esq.**
HILL, HILL, CARTER, FRANCO, COLE & BLACK
100 Corporate Parkway, Suite 325
Birmingham, Alabama 35242

**John Marsh, Esq.**
**Allison Alford Ingram, Esq.**
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

**Gwendolyn Young Reams, Esq.**
**Jennifer S. Goldstein, Esq.**
**Dara S. Smith, Esq.**
**Steven Winkelman, Esq.**
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Office of General Counsel
131 M. Street, NE, 5th Floor
Washington, DC 20507

**Kristen Clarke, Esq.**
**Tovah R. Calderon, Esq.**
**Anna M. Baldwin, Esq.**
DEPARTMENT OF JUSTICE
Civil Rights Division
    Appellate Section
Ben Franklin Station
Post Office Box 14403
Washington, DC 20044-4403

/ s / Fred D. Gray, Jr.
**OF COUNSEL**

17