# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Docket No. 23-10186-A

---

REGINA BENNETT,

*Appellant*

v.

BUTLER COUNTY BOARD OF EDUCATION; LINDA HAMILTON; MICKEY JONES; MICHAEL NIMMER; LOIS ROBINSON; BRANDON SELLERS; and JOHN STRYCKER in their Official and/or individual capacities as members of the Butler County Board of Education; and JOSEPH EILAND in his Official capacity as Superintendent of Education for the Butler County Board of Education,

*Appellees*

---

On appeal from a Final Order of the District Court, Middle District of Alabama
District Court Case No. 2:18-cv-1061-RAH-JTA

---

## SUPPLEMENTAL BRIEF
## OF APPELLEE
## BUTLER COUNTY BOARD OF EDUCATION

Alicia F. Bennett
James R. Seale
Hill, Hill, Carter, Franco,
Cole & Black, P.C.
31 Inverness Center Pkwy., Ste. 120
Birmingham, Alabama 35242
(205) 271-1780
abennett@hillhillcarter.com
jrs@hillhillcarter.com
*Counsel for Appellee*
*Butler County Board of Education*

*Regina Bennett v. Butler County Board of Education, et al*
11th Cir. No. 23-10186-A

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

A. Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, the Appellee submits the following list of persons or entities which, upon information and belief of the undersigned attorneys for the Appellee, have or may have an interest in the outcome of this case:

Adams, Hon. Jerusha T., United States Magistrate Judge, Middle District of Alabama

Alabama Education Association

Alabama Trust for Boards of Education

Arrington, Monica, Former Counsel for Plaintiff/Appellant Regina Bennett

Bell, Shawnda, Plaintiff

Bennett, Alicia, Counsel for Defendants/Appellees Butler County Board of Education and Board Members, Linda Hamilton, Mickey Jones, Michael Nimmer, Lois Robinson and Brandon Sellers

Bennett, Regina M., Plaintiff/Appellant

Butler County Board of Education, Defendant/Appellee

Calloway, Charles E., Counsel for Plaintiff/Appellant Regina Bennett

Eiland, Joseph, Defendant/Appellee, current Superintendent of Education for the Butler County Board of Education

Gray, Jr., Fred D., Counsel for Plaintiff/Appellant Regina Bennett

Gray, Stanley F., Counsel for Plaintiff/Appellant Regina Bennett

*Regina Bennett v. Butler County Board of Education, et al*
11th Cir. No. 23-10186-A

Hamilton, Linda, Defendant/Appellee, Member of the Butler County Board of Education

Hamilton, Lewis S., Counsel for Defendants/Appellees Butler County Board of Education and Board Members, Linda Hamilton, Mickey Jones, Michael Nimmer, Lois Robinson and Brandon Sellers

Huffaker Jr., Hon. R. Austin, United States Magistrate Judge, Middle District of Alabama

Ingram, Allison, Counsel for Defendants/Appellees, former Superintendent John Strycker and current Superintendent Joseph Eiland

Jones, Mickey, Defendant/Appellee, Member of the Butler County Board of Education

Marsh, John, Counsel for Defendant/Appellee, former Superintendent John Strycker and current Superintendent Joseph Eiland

Moore, Lenicki, Plaintiff

Nimmer, Michael, Defendant/Appellee, Member of the Butler County Board of Education

Relf, Victoria, Counsel Plaintiff/Appellant Regina Bennett

Robinson, Lois, Defendant/Appellee, Member of the Butler County Board of Education

Seale, James R., Counsel for Defendants/Appellees Butler County Board of Education and Board Members, Linda Hamilton, Mickey Jones, Michael Nimmer, Lois Robinson, and Brandon Sellers

Sellers, Brandon, Defendant/Appellee, Member of the Butler County Board of Education

*Regina Bennett v. Butler County Board of Education, et al*
11th Cir. No. 23-10186-A

Sims Jr., James C., Counsel for Plaintiff/Appellant Regina Bennett

Strycker, John, Defendant/Appellee, former Superintendent of Education for the Butler County Board of Education

Thornton, Willie, Plaintiff

West, Joseph, Plaintiff

West, Margaret, Plaintiff

B.     Appellee Butler County Board of Education is a governmental entity of the State of Alabama. It has no parent companies or subsidiaries to report. Appellee Board Members Linda Hamilton, Mickey Jones, Michael Nimmer, Lois Robinson, and Brandon Sellers are individuals. Appellees former Superintendent John Strycker and current Superintendent Joseph Eiland are individuals. Appellant Regina Bennett is an individual.

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellee does not request oral argument.  All issues involved in this appeal are legal issues which the parties have fully briefed in the District Court and on appeal.

# **TABLE OF CONTENTS**

Certificate of Interested Persons ...................................................................C-1

Statement Regarding Oral Argument ................................................................i

Table of Contents ............................................................................................. ii

Table of Authorities ........................................................................................ iii

Statement of the Issue ....................................................................................iv

Argument..........................................................................................................1

   I.   SUMMARY JUDGMENT FOR THE BOARD ON APPELLANT'S TITLE VII CLAIM IS PROPER EVEN POST-MULDROW. ...................................1

      A. Regina Bennett Did Not Suffer "Some" Injury as Required by Muldrow ..............................................................................................1

      B. Bennett Cannot Establish the Remaining Requirements of a Prima Facie Case of Discrimination........................................................3

Conclusion ........................................................................................................4

Certificate of Service .......................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                      **Page**

*Hinson v. Clinch Cnty., Ga. Bd. of Educ.,*
    231 F.3d 821, 828 (11th Cir. 2000) .................................................................. 3

*Lewis v. City of Union City, Georgia,*
    918 F.3d 1213, 1228 (11th Cir. 2019) ............................................................. 3

*Muldrow v. City of St. Louis, Missouri,*
    144 S. Ct. 967 (2024) ............................................................................. *passim*

## **STATEMENT OF THE ISSUE**

I.  Whether the Butler County Board of Education is nevertheless still entitled to summary judgment on Regina Bennett's Title VII claim after the United States Supreme Court's decision in *Muldrow v. City of St. Louis*.

# ARGUMENT

## I. SUMMARY JUDGMENT FOR THE BOARD ON APPELLANT'S TITLE VII CLAIM IS PROPER EVEN POST-*MULDROW*.

### A. Regina Bennett Did Not Suffer "Some" Injury as Required by *Muldrow*.

As this Court knows, on April 17, 2024, the United States Supreme Court issued its opinion in *Muldrow v. City of St. Louis, Missouri*, 144. S. Ct. 967 (2024). In *Muldrow*, the Court held that under the anti-discrimination provision of Title VII, a transferred plaintiff "need show only some injury respecting her employment terms or conditions" and "[t]he transfer must have left her worse off, but need not have left her significantly so." *Muldrow*, 144 S. Ct. at 977. When applying this standard to plaintiff Muldrow, the Supreme Court stated:

> She was moved from a plainclothes job in a prestigious specialized division giving her substantial responsibility over priority investigations and frequent opportunity to work with police commanders. She was moved to a uniformed job supervising one district's patrol officers, in which she was less involved in high-visibility matters and primarily performed administrative work. Her schedule became less regular, often requiring her to work weekends; and she lost her take-home car. If those allegations are proved, she was left worse off several times over. . . . Title VII prohibits making a transfer, based on sex, with the consequences Muldrow described.

144 S.Ct. at 977. Under the above-quoted standard and circumstances, Regina Bennett still fails to establish that she suffered "some" injury respecting her

1

employment terms or conditions. The record evidence in Regina Bennett's case *does not* establish that Bennett suffered any loss in pay or prestige. Unlike the plaintiff in *Muldrow*, Bennett did not have (and therefore did not *lose*) access to employer-provided transportation. Her schedule *did not* change. She is not now required to perform administrative tasks. Bennett stated in her Affidavit that following the transfer, she only deals with her students and their parents, which is a smaller number than the number of people she dealt with as a counselor. *Document 189-5, p. 7*. However, what is telling (and even fatal to Bennett's claim), is the fact that Bennett testified in her deposition that being a teacher was *not* less prestigious than being a counselor. *Doc. 162-10, p. 33 ("I basically don't say that teaching is a lesser prestige job because it is a noble one . . . ")*. As the Supreme Court noted in *Muldrow*, "discriminate against" means to treat worse. 144 S. Ct. at 970. Bennett's own testimony that the teaching position is not less prestigious than the counselor position necessarily precludes any conclusion that being a teacher is worse than being a counselor. Simply put, although other cases with different facts and evidence may warrant reconsideration (or even reversal) following the Supreme Court's decision in *Muldrow*, Regina Bennett's case does not.

2

### B. Bennett Cannot Establish the Remaining Requirements of a *Prima Facie* Case of Discrimination.

As previously noted in Appellees' Brief filed on August 27, 2023 (Doc. 44), Bennett cannot establish a *prima facie* case of discrimination. Thus, even if this Court finds that Bennett suffered an injury under *Muldrow*, Appellee Butler County Board of Education is still entitled to summary judgment on Bennett's Title VII claim.

To establish a *prima facie* case, Bennett must show that she was replaced by someone outside of her protected class. *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000). Bennett was replaced by LeNicki Moore, an African American female. *See Doc. 154-9 (Affidavit of Jackie Thornton), ¶¶ 8 - 10*. Thus, Bennett cannot establish that she was replaced by someone outside of her race.

Additionally, Bennett cannot establish that she was treated less favorably than similarly situated employees outside of her protected class. As this Court has stated, an employer "is well within its rights to accord different treatment to employees who are differently situated in 'material respects' – *e.g.*, who engaged in different conduct, who where subject to different policies, or who have different work histories." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1228 (11th Cir. 2019) (*en banc*). In this case, Bennett was the only counselor in her school. *Doc. 154-9, ¶ 2*. She was reassigned by her building supervisor. *Doc. 154-9, ¶ 6*. As such, there is no comparator for Bennett, and Bennett's Title VII claim fails.

## CONCLUSION

Even after *Muldrow*, the Butler County Board of Education is still entitled to summary judgment on Regina Bennett's Title VII claim. Bennett, by her own testimony, established that being a teacher is no less prestigious than being a counselor. As such, Bennett cannot establish, even after *Muldrow*, that the transfer put her in a worse position. Furthermore, even if she could establish that she was worse off, Bennett cannot establish the other required elements of a *prima facie* case of discrimination. The Butler County Board of Education is therefore entitled to summary judgment.

Respectfully submitted,

*s/ Alicia F. Bennett*
ALICIA F. BENNETT (ASB-1564-T58A)

*/s/ James R. Seale*
JAMES R. SEALE (ASB-3617-E68J)
*Attorneys for Defendants/Appellees*
*Butler County Board of Education,*
*Mickey Jones, Michael Nimmer,*
*Lois Robinson, Brandon Sellers, and*
*Linda Hamilton*

**OF COUNSEL:**

Hill, Hill, Carter, Franco, Cole & Black, P.C.
31 Inverness Center Pkwy., Ste. 120
Birmingham, Alabama 35242
(334) 263-5969
abennett@hillhillcarter.com
jrs@hillhillcarter.com

# CERTIFICATE OF SERVICE

      I hereby certify that, pursuant to Rule 25 and 31 of the Federal Rules of Appellate Procedure and the Eleventh Circuit Court Rules, I have on this the **16th** day of **May, 2024**, electronically filed the foregoing Appellee's Brief with the Court of Appeals Clerk using the CM/ECF System. A true and correct copy of the foregoing was also served on the following via electronic mail:

Fred D. Gray, Jr., Esq.
Stanley F. Gray, Esq.
Gray, Langford, Sapp, McGowan,
Gray, Gray & Nathanson, P.C.
PO Box 830239
Tuskegee, AL  36083-0329
fgrayjr@glsmgn.com
sgray@glsmgn.com
*Counsel for Regina M. Bennett, Appellant*

Lewis "Pete" S. Hamilton, Esq.
Powell & Hamilton
505 E. Commerce Street
Greenville, AL  36307
pete@powellandhamilton.com
*Counsel for Butler County Board of Education*

Allison A. Ingram
John Marsh
Ball, Ball, Matthews & Novak, PA
445 Dexter Avenue
Suite 9045
Montgomery, AL  36104
ala@ball-ball.com
jmarsh@ball-ball.com

Charles E. Calloway, Esq.
The Calloway Law Firm LLC
PO Box 230044
Montgomery, AL  36104
charlescallowayattorneyatlaw@gmail.com
*Counsel for Regina M. Bennett, Appellant*

Victoria Relf, Esq.
The Relf Law Firm, LLC
311 N. Hull Street
Montgomery, AL  36104
victoria@imanilegal.com
*Counsel for Regina M. Bennett, Appellant*

James Carlton Sims, Jr., Esq.
Law Office Of J. Carlton Sims, Jr.
PO Box 373
Montgomery, AL  36101
jcsimslegal@gmail.com
*Counsel for Regina M. Bennett, Appellant*

                                        */s/ Alicia F. Bennett*
                                        ALICIA F. BENNETT