APPEAL NO. 23-10186-A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

REGINA M. BENNETT,
PLAINTIFF/APPELLANT

v.

BUTLER COUNTY BOARD OF EDUCATION, ET AL.,
DEFENDANTS/APPELLEES

On Appeal from the United States District Court
For the Middle District of Alabama
Case No.: 2:18-cv-1061-RAH-JTA

SUPPLEMENTAL BRIEF OF APPELLANT REGINA M. BENNETT

Fred D. Gray, Jr.
GRAY, LANGFORD, SAPP, MCGOWAN,
  GRAY, GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083
(334)727-4830 Telephone
(334)727-5877 Facsimile
fgrajr@glsmgn.com

J. Carlton Sims, Jr.
Post Office Box 373
LAW OFFICE OF
  J. CARLTON SIMS, JR.
Post Office Box 373
Montgomery, Alabama 36101
(334)328-2294 Telephone
jcsimslegal@gmail.com

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

COMES NOW Appellant and herein files her list of persons and entities known to her to have an interest in the outcome of the appeal:

Adams, Hon. Jerusha T.

Alabama Education Association

Alabama Trust for Boards of Education

Arrington, Monica

Ball, Ball, Matthews & Novak, P.A.

Bell, Shawnda

Bennett, Alicia

Bennett, Regina

Brown, LeNicki

Butler County Board of Education

Calloway, Charles

Educators Liability Trust Fund

Eiland, Joe

Gray Jr., Fred D.

Gray, Stanley F.

Gray Langford Sapp McGowan Gray Gray & Nathanson, P.C

Hamilton, Lewis S.

i

Hamilton, Linda

Hill Hill Carter Franco Cole & Black PC

Huffaker, Jr., Hon. R. Austin

Ingram, Allison

Jones, Mickey

Marsh, John

Nimmer, Michael

Relf, Victoria

Robinson, Lois

Seale, James R.

Sellers, Brandon

Sims Jr., James C.

Strycker, John

West, Joseph

West, Margaret

Pursuant to 11th Circuit Rule 26.1-1, I hereby certify that the Certificate of Interested Persons is, to the best of my knowledge, accurate and complete.

*/ s / Fred D. Gray, Jr.*
Fred D. Gray, Jr.

# TABLE OF CONTENTS

Statement of Interested Persons and Corporate Disclosure Statement. . ...............i

Table of Contents............................................................................iii

Table of Authorities.........................................................................iv

Other Authorities............................................................................iv

ARGUMENT...................................................................................1

     I.     Introduction......................................................................1

     II.    Bennett's Claims................................................................2

     III.   District Court's Standard and Ruling.......................................3

     IV.   *Muldrow V. City of St. Louis*, 144 S. CT. 967 (2024).....................4

CONCLUSION.................................................................................6

CERTIFICATE OF COMPLIANCE......................................................8

CERTIFICATE OF SERVICE..............................................................9

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Bostock v. Clayton County*, 590 U.S. 644, 681, 140 S. Ct. 1731,......................5
L. Ed. 2d 218 (2020)

*Crawford v. Carroll,* 529 F.3d. 961, 970 (11th Cir. 2008)...........................3

*Doe*, 145 F.3d at 1453.......................................................................4

*Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64, 106 S. Ct. 2399,.............5
91 L. Ed. 2d 49 (1986)

*Muldrow v. City of St. Louis*, 144 S. Ct. 967, 973-974 (2024).........................4

*Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80,
118 S. Ct. 998, 140 L. Ed. 201 (1998)...................................................5

*Redd v. United Parcel Serv., Inc.*, 615 F. App'x 598, 603..............................3
(11th Cir. 2015)

## OTHER AUTHORITIES

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq................1,2

14th Amendment of United States Constitution.........................................2

# SUPPLEMENTAL BRIEF OF APPELLANT REGINA M. BENNETT

# ARGUMENT

## I. Introduction

Appellant Bennett submits this supplemental brief pursuant to this Honorable Court's order of December 15, 2023 (Doc. 50). This is an appeal of the District Court's Final Judgment, (Doc. 343), entered December 16, 2022, in the matter *Joseph West, et al. v. Butler County Board of Education, et al.*, Case No.: 2:18-cv-01061-RAH. Plaintiff Bennett's individual claims were dismissed against all Defendants in the District Court's Memorandum and Order, dated July 11, 2022. (Doc. 245).

This is a race discrimination employment case. On December 20, 2018, six (6) plaintiffs collectively filed an action against Butler County Board of Education, its five (5) board members, individually and in the official capacity as board members; and Superintendent John Strycker, individually and in the official capacity, for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); and for engaging in and condoning a continuing pattern and practice of race-based adverse employment actions against African-American employees of the Butler County Board of Education. (Doc. 1). Plaintiffs sought injunctive, equitable and monetary relief pursuant to Title VII of the Civil Rights Act of 1964,

1

as amended, against Defendants. Additionally, Plaintiffs brought Constitutional claims for violation of Equal Protection and Due Process rights under the 14th Amendment. *Id.*

## II. Bennett's Claims

Bennett advanced Title VII claims of race discrimination, retaliation, hostile work environment; and Equal Protection and Due Process claims under the 14th Amendment of the United States Constitution. (Doc. 1 at para. 168-210; Doc. 245 at 8-9). Between May 15, 2018, and December 12, 2018, Butler County Board of Education and Superintendent Strycker transferred and reassigned African American employees in both guidance counselor and administrative positions but failed to transfer or reassign any White guidance counselors and administrators who did not request transfer or reassignment. (Doc. 1 at para. 28-32).

Defendants treated Mrs. Bennett differently than similarly situated White employees when they reassigned her from guidance counselor to kindergarten teacher, a position which she had never held in her seventeen (17) years with Butler County School System and a position of lesser prestige and with much different responsibility than counselor. Defendants' actions effectuated a change in the terms, conditions, and status of her employment. Summary judgment was

granted to the Defendants on the basis of a lack of qualifying adverse employment action.

## III. District Court's Standard and Ruling

The District Court stated that, "[a] qualifying adverse employment action in the Title VII context 'must in some substantial way alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).'" There must be a serious and material change in employment status, "such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Redd v. United Parcel Serv., Inc.*, 615 F. App'x 598, 603 (11th Cir. 2015) (per curiam). (Doc 245 at 15). The District Court held that Bennett's claims "did not constitute an actionable adverse action" and summary judgment was due to be granted because Bennett did not meet a heightened standard of harm.

The District Court went further to state that Bennett failed to provide sufficient evidence showing that her reassignment within the same school constituted an actionable adverse action. The district court stated that "[h]er subjective and conclusory assertions, like that she was 'set up to fail' or that the position was less prestigious, are insufficient." (Doc. 245 at 22). Further, the

3

court stated that, "Bennett's transfer [reassignment], although a personal setback, did not rise to 'severe professional trauma.' *See Doe,* 145 F.3d at 1453 (holding that transfer did not rise to severe professional trauma)." (Doc. 245 at 23-24)."

## IV. *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024)

In April 2024, the United States Supreme Court granted certiorari to the *Muldrow* case "to resolve a Circuit split over whether an employee challenging a transfer under Title VII must meet a heightened threshold of harm—be it dubbed significant, serious, or something similar." The Supreme Court vacated the district court judgment in *Muldrow* "because the text of Title VII imposes no such requirement." Muldrow v. City of St. Louis, 144 S. Ct. 967, 973-74 (2024).

The Supreme Court stated:

> Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." §2000e-2(a)(1). Muldrow's suit, as described above, alleges that she was transferred to a lesser position because she is a woman. That transfer, as both parties agree, implicated "terms" and "conditions" of Muldrow's employment, changing nothing less than the what, where, and when of her police work. See Brief for Muldrow 19; Brief for City 1, 45-46. So the statutory language applicable to this case prohibits "discriminat[ing] against" an individual "with respect to" the "terms [or] conditions" of employment because of that individual's sex.

Muldrow v. City of St. Louis, 144 S. Ct. 967, 974 (2024).

4

> That language requires Muldrow to show that the transfer brought about some "disadvantageous" change in an employment term or condition. *Oncale* v. *Sundowner Offshore Services, Inc.*, 523 U. S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998). The words "discriminate against," we have explained, refer to "differences in treatment that injure" employees. *Bostock* v. *Clayton County*, 590 U. S. 644, 681, 140 S. Ct. 1731, 207 L. Ed. 2d 218 (2020). Or otherwise said, the statute targets practices that "treat[ ] a person worse" because of sex or other protected trait. *Id.*, at 658, 140 S. Ct. 1731, 207 L. Ed. 2d 218. And in the typical transfer case, that "worse" treatment must pertain to—must be "with respect to"—employment "terms [or] conditions." §2000e-2(a)(1). The "terms [or] conditions" phrase, we have made clear, is not used "in the narrow contractual sense"; it covers more than the "economic or tangible." *Oncale*, 523 U. S., at 78, 118 S. Ct. 998, 140 L. Ed. 2d 201; *Meritor Savings Bank, FSB* v. *Vinson*, 477 U. S. 57, 64, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986). <u>Still, the phrase circumscribes the injuries that can give rise to a suit like this one. To make out a Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment.</u>

Muldrow v. City of St. Louis, 144 S. Ct. 967, 974 (2024).

> <u>What the transferee does not have to show, according to the relevant text, is that the harm incurred was "significant." 30 F. 4th, at 688. Or serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar.</u> See *supra*, at 4, and 4-5, n. 1. "Discriminate against" means treat worse, here based on sex. See, *e.g.*, *Bostock*, 590 U. S., at 657-658, 681, 140 S. Ct. 1731, 207 L. Ed. 2d 218. <u>But neither that phrase nor any other says anything about how much worse. There is nothing in the provision to distinguish, as the courts below did, between transfers causing significant disadvantages and transfers causing not-so-significant ones. And there is nothing to otherwise establish an elevated threshold of harm. To demand "significance" is to add words—and significant words, as it were—to the statute Congress enacted.</u> It is to impose a new requirement on a Title VII claimant, so that the law as applied demands something more of her than the law as written.

Muldrow v. City of St. Louis, 144 S. Ct. 967, 974 (2024).

5

## CONCLUSION

In *Muldrow,* the United States Supreme Court has held that Title VII imposes no heightened threshold of harm. Therefore, in the instant appeal, the District Court's requirement of a substantial, serious and material change in employment terms, conditions, and privileges in order to constitute an adverse employment action is atextual, an improper standard under the statute, and not the law.

Further, the District Court's decision concludes that a reassignment from guidance counselor to kindergarten teacher after Bennett has over 15 consecutive years as a Guidance Counselor, does not constitute "severe professional trauma" simply because she was qualified for the kindergarten position and had taught preschool at the beginning of her career. Under this improper standard, any reassignment to which the person was qualified, no matter how diminished the duties or remote in their career, would not constitute a demotion, loss of prestige, nor hinder professional advancement. Again, there is no such standard requiring severe professional trauma.

For the foregoing reasons, the judgment of the district court should be reversed.

Dated this 16th day of May, 2024.

Respectfully submitted,

*/s / Fred D. Gray, Jr.*
Fred D. Gray, Jr.
Counsel for Appellant

Fred D. Gray, Jr. (ASB-1993-Y65F)
GRAY, LANGFORD, SAPP, MCGOWAN,
 GRAY, GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0329
(334)727-4830 Telephone
(334)727-5877 Facsimile
fgrayjr@glsmgn.com


J. Carlton Sims, Jr. (ASB-2020-S77S)
Post Office Box 373
Montgomery, Alabama 36101
(334)328-2294 Telephone
jcsimslegal@gmail.com

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that the response also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman; and is less than ten (10) pages in length.

/s/ Fred D. Gray, Jr.
Fred D. Gray, Jr.
*Counsel for Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that, on May 16, 2024, the foregoing response was filed with this Court and served on all parties by filing with the Court's CM/ECF system and/or by placing same in the U.S. Mail, postage prepaid.

/ s / Fred D. Gray, Jr.
Fred D. Gray, Jr.
*Counsel for Appellant*